## No. 28206

**Rory O. Chetelat and Kathy Chetelat v. The District Court in and for the County of Arapahoe, in the Eighteenth Judicial District and the Honorable Marvin Foote, one of the Judges thereof**

(586 P.2d 1335)

Decided November 27, 1978.

474

Michael R. Webster, Frank W. Heery, for petitioners.

No appearance for respondents.

*En Banc.*

MR. JUSTICE PRINGLE delivered the opinion of the Court.

This is an original proceeding in which petitioners seek a writ of mandamus requiring the respondent District Court of Arapahoe County to enter an order granting petitioners' Motion for Service of Process upon one of the defendants, David Frye, by substitution of the Secretary of State of Colorado and to assume and exercise jurisdiction over the case. We issued a rule to show cause and now make the rule absolute.

On November 23, 1977, petitioners filed a complaint against Kato & Company Realtors, Inc., a Colorado corporation, Marion and Ruby Miller and David Frye. The sheriff was unable, with reasonable diligence, to serve the complaint and summons upon the defendant David Frye. Shortly thereafter, petitioners filed with the district court a Motion for Substituted Service pursuant to the provisions of section 12-61-302(3), C.R.S. 1973.[1]

Respondent denied petitioner's motion on the basis that, in the interim between the time when the claim for relief arose and the petitioners' motion, David Frye's real estate license had expired. Respondent reasoned that the Secretary of State, therefore, could no longer be deemed to be defendant Frye's agent under the Colorado statute.

The issue before us is whether a real estate salesman, licensed at the time the claim for relief arose and upon whom service cannot now be made with reasonable diligence, may be deemed to have appointed the Secretary of State as his agent for service of process although he is no longer licensed in Colorado. We hold that defendant Frye may be so served.

Section 12-61-302(1), C.R.S. 1973 (1976 Supp.), provides in part for payment from the Real Estate Recovery Fund of

"a final judgment in any court of competent jurisdiction against any real estate broker or real estate salesman licensed under part 1 of this article on the grounds of negligence, fraud, willful misrepresentation, deceit, or conversion of trust funds arising directly out of any transaction *which occurred when such broker or salesman was licensed and in which such broker and salesman performed acts for which a license is required* under part 1 of this article and which transaction occurred on or after January 1, 1972,. . ." (Emphasis added.)

This provision plainly contemplates recovery in situations where the broker or salesman was licensed at the time the transaction occurred, but is no longer licensed when the judgment against him is obtained. There is no

---

[1] "Any real estate broker or real estate salesman who is licensed or renews his license under part 1 of this article [Application for payment out of Real Estate Recovery Fund] on or after January 1, 1972, and upon whom personal service cannot be made with reasonable diligence shall be deemed to have appointed the secretary of state as his agent for service of process for purposes of actions filed against him pursuant to the provisions of subsection (1) of this section. Service of process pursuant to this subsection (3) shall be made as nearly as practicable in the manner prescribed by section 7-3-112, C.R.S. 1973, for service on corporations."

language in this subsection which indicates or implies that a salesman must be presently licensed in order to allow a judgment creditor to recover from the fund.

■ Section 12-61-302(3), C.R.S. 1973, states that:

"[A]ny real estate broker or real estate salesman *who is licensed or renews his license under part 1 of this article on or after January 1, 1972,* and upon whom personal service cannot be made with reasonable diligence shall be deemed to have appointed the secretary of state as his agent for service of process *for purposes of actions filed against him pursuant to subsection (1) of this section.*" (Emphasis added.)

■ We recognize that some ambiguity is created by the legislature's use of the past tense in subsection (1) and the present tense in subsection (3). We have held that where the meaning of a statute is uncertain, the legislative intent must be ascertained by looking at the statute in its entirety. *Kirschwing v. O'Donnell,* 120 Colo. 125, 207 P.2d 819 (1949).

■ While the legislature did not expressly state its intent and purpose in enacting "The Real Estate Recovery Fund," section 12-61-301 *et seq.,* C.R.S. 1973 (1976 Supp., 302(2) amended in 1977, Colo. Sess. 1977, ch. 178 at 774), it is clear on reading its language and provisions that the purposes of the statute are twofold: (1) to provide a monetary fund for satisfying judgments against real estate brokers and salesmen who have insufficient assets from which to pay such judgments; and (2) to provide an avenue for wronged parties to obtain judgment and satisfaction against real estate brokers and salesmen who have left the jurisdiction of the court or who cannot be located after diligent efforts for the purpose of service of process. The first purpose can be ascertained by studying the provisions of 12-61-303(2) which allow recovery from the fund only after other methods of satisfaction have been exhausted; and the second purpose is ascertainable as the only logical basis for enacting 12-61-302(3), one which, read in the context of the entire statute, makes recovery from the fund a meaningful possibility by permitting service where the broker or salesman cannot be located after a diligent search.

■ After examining the statute in its entirety, we conclude that the legislature's intention in creating the Real Estate Recovery Fund was to protect innocent purchasers of real property from unscrupulous or financially unstable brokers or salesmen. The remedy furnished was the monetary recovery fund; and to make it more effective, the legislature further provided for substituted service of process if the broker or salesman could not be located. Indeed, the express terms of 12-61-302(3) state that service upon the Secretary of State may be had "for purposes of actions filed against [a real estate salesman] pursuant to subsection (1) of this section."

We have pointed out above that subsection (1) clearly provides for a recovery in cases where the salesman *was licensed at the time the transaction occurred* even though he may not be licensed when the action

is brought. Thus, when 12-61-302 is examined in its entirety, it is evident that the legislature intended the substituted service provision to apply to all salesmen, not simply those who are licensed at the time the substituted service is sought.

If the alternative construction were applied, the illogical result would be that a wronged party could not avail himself of the statute's remedy despite the fact that the salesman was licensed at the time the transaction took place and had already contributed to the recovery fund as required by section 12-61-301, C.R.S. 1973. To argue that the legislature intended such consequences by using the present tense in 12-61-302(3) would effectively destroy much of the access to the remedy provided by the statute because it would be impossible in many cases to commence an action for lack of service.

■ The language of the statute compels the conclusion that the legislature intended to provide an avenue for a real estate purchaser to obtain a judgment and satisfaction from a real estate broker or salesman who was guilty of fraudulent or negligent conduct. The interpretation of the statute must necessarily advance this intent whenever possible. Construing 12-61-302(3) to allow substituted service on the Secretary of State where a salesman cannot be found, whether that salesman is presently licensed or not, permits the wronged party to start the process of obtaining judgment and to eventually recover from the fund. Otherwise the very person who is supposed to benefit from the fund would find himself frustrated by a real estate salesman who simply surrendered his license and disappeared. This is not what the legislature intended in creating the Real Estate Recovery Fund.

Rule made absolute.