Harvey W. RICHARDS, William L. Garcia, Plaintiffs-Appellees,

v.

INCOME REALTY AND MORTGAGE, INC.; Escrow Services, Inc.; Randy Burns; Rex Ramsey, Richard G. Heller, Defendants,

and

The Colorado Real Estate Commission, Defendant-Appellant.

No. 82CA0427.

Colorado Court of Appeals, Div. I.

Aug. 19, 1982.

Rehearing Denied Sept. 16, 1982.

Douglas S. Holden, Lakewood, for plaintiffs-appellees.

J.D. MacFarlane, Atty. Gen., Richard F. Hennessey, Deputy Atty. Gen., Mary J. Mullarkey, Martin D. Stuber, Asst. Attys. Gen., Denver, for defendant-appellant.

COYTE, Judge.

Defendant Colorado Real Estate Commission appeals from a judgment of the trial court finding that plaintiffs were entitled to payment from the real estate recovery fund. We affirm.

In the stipulated statement of facts presented to the trial court, the parties stated, *inter alia,* that defendant Randy E. Burns was a licensed real estate agent employed by Income Realty and Mortgage, Inc., (Income Realty) a real estate broker. Burns owned a house he wanted to sell. He therefore listed the house with Income Realty and agreed to pay the company a broker's commission upon the sale of the property. Income Realty advertised the property by placing one of the company signs in the yard of the house. Plaintiffs saw this sign and contacted Income Realty about purchasing the property. Income Realty referred plaintiffs to Burns to discuss the purchase. Burns told them that he worked as an agent for Income Realty, that he owned the property, and that all encumbrances on the property were current.

After plaintiffs completed the purchase of the property, they discovered that, contrary to Burns' previous representations, the house payments were not current and the mortgage was subject to foreclosure by the mortgagee. The mortgagee eventually foreclosed on the property after Burns failed to make any payments.

Plaintiffs instituted a suit against Burns and Income Realty and, following the dismissal of Income Realty, obtained a default judgment against Burns. Plaintiffs were unable to satisfy the judgment against Burns and applied for an order directing payment out of the real estate recovery fund. Section 12–61–301 *et seq.,* C.R.S.1973 (1978 Repl.Vol. 5). In the application they named Colorado Real Estate Commission as a defendant. The Commission answered and contested payment out of the fund. The trial court ordered payment, finding that Burns had performed acts for which a license was required and that therefore payment out of the fund was proper.

On this appeal, the Commission challenges the finding of the trial court that, relative to the sale at issue, Burns was performing acts for which a license was required, such finding being a prerequisite to imposition of liability on the Fund. We perceive no error in the trial court's finding.

Section 12–61–101(3), C.R.S.1973 (1978 Repl.Vol. 5) provides:

" 'Real estate salesman' or 'salesman' means any person employed or engaged by or on behalf of a licensed real estate broker to do or deal in any activity of a real estate broker, as defined in subsection (1) or (2) of this section, for compensation or otherwise."

Section 12–61–101(4), C.R.S.1973 (1978 Repl.Vol. 5) provides:

" 'Real estate salesman' or 'real estate broker' does not apply to the following:

. . . . .

(g) A natural person acting personally with respect to property owned or leased by him . . . ."

The statute governing the real estate recovery fund, § 12–61–302(1), C.R.S.1973 (1978 Repl.Vol. 5), (1981 Cum.Supp.) provides:

"When any person obtains a final judgment in any court of competent jurisdiction against any real estate broker or real estate salesman licensed under part 1 of this article ... on the grounds of negligence, fraud, willful misrepresentation ... arising directly out of any transaction which occurred when such broker or salesman was licensed and in which such broker or salesman *performed acts for which a license is required* under Part 1 of this article ... such person may ... file a verified application in the court ... for an order directing payment out of the real estate recovery fund ...." (emphasis added)

The purpose of the exemption section set forth in § 12–61–101(4)(g), C.R.S. 1973 (1978 Repl.Vol. 5) is to allow a private owner of real estate to sell it without having to obtain a real estate license. *Seibel v. Colorado Real Estate Commission,* 34 Colo. App. 415, 530 P.2d 1290 (1974). This section was not intended to be used by a salesman or broker who also happens to own real estate as a means of subverting the purpose of the real estate recovery fund. The fund was established to protect innocent purchasers of real estate from financially unstable brokers or salesmen who are guilty of fraudulent conduct. *See Chetelat v. District Court,* 196 Colo. 473, 586 P.2d 1335 (1978).

Here, the evidence established that Burns listed the property with Income Realty. Income Realty advertised the property, and plaintiffs became aware of the property through the Income Realty advertising. One of the agents of Income Realty participated in negotiations on the sale of the property, an agent of Income Realty conducted the closing, and Income Realty received a commission. Burns' incidental status as the owner of the property in question is insufficient to change his status as an agent of Income Realty with respect to this sale. Consequently, since Burns was acting as an agent of Income Realty at the time the property was sold, he was required to be licensed, and the trial court properly allowed payment out of the real estate recovery fund.

Judgment affirmed.

ENOCH, C.J., and KELLY, J., concur.