**Victor A. GREEN, Plaintiff,**

v.

**Han Mok YANG, Defendant.**

**In the Matter of Victor A. GREEN, Debtor.**

**Bankruptcy No. 3–80–03948. Adv. No. "A".**

United States Bankruptcy Court, S.D. Ohio, W.D.

May 6, 1983.

Alan A. Biegel, Dayton, Ohio, for defendant.

Wayne D. Stephan, Dayton, Ohio, for debtor/plaintiff.

Thomas Noland, Dayton, Ohio, trustee.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter was presented to the Court for determination upon the record inclusive of "Stipulations of Fact," presented to the Court as follows:

1. On December 12, 1980, Debtor filed his Bankruptcy Petition in accordance with Chapter 7 of Title 11 of the United States Code.

2. On October 19, 1981, Defendant filed suit against Debtor in the Montgomery County Common Pleas Court in Case No. 81–2824, thereafter seeking declaratory relief against Debtor on a claim which matured on December 13, 1980.

3. On July 29, 1982, the Court Ordered a Discharge of Debtor.

4. Defendant was duly listed as an Unsecured Creditor of Debtor in Schedule A–3, # 36.

5. Debtor is and was at all times pertinent hereto a licensed real estate salesman.

6. The debt, if any, of Debtor to Defendant has been Discharged in Bankruptcy.

7. A finding of liability * against Debtor in State Court would entitle Defendant to pursue a monetary recovery from the Real Estate Recovery Fund, § 4735.12, ORC.

8. Payment of any amount from the Real Estate Recovery Fund in satisfaction of a Judgment against Debtor shall automatically result in the suspension of Debtor's real estate license until the Fund is reimbursed in full. (§ 4735.12(E) ORC.)

---

* (though without personal responsibility to pay)

The Court notes that no part of the state court record has been made a part of the record herein, and also that the State of Ohio has not been made a party to the action herein.

The Ohio Revised Code Section in question provides, in pertinent part, as follows:

§ 4735.12 [Real estate recovery special account]

(A) The real estate recovery special account is hereby created in the state special revenue fund in the state treasury, to be administered by the Ohio real estate commission....

(B) When any person, except a bonding company when it is not a principal in a real estate transaction, obtains a final judgment in any court of competent jurisdiction against any broker or salesman licensed under this chapter, on the grounds of an act, omission, representation, transaction, or other conduct that is in violation of this chapter or the rules adopted under it, and which occurred after March 4, 1975, such person may upon exhaustion of all appeals, file a verified application in any court of common pleas for an order directing payment out of the real estate recovery special account of the amount of the judgment which remains unpaid.

The court shall order the superintendent to make such payments out of the real estate recovery special account when the person seeking the order has shown that:

(1) He has obtained a judgment, as provided in this division;

(2) All appeals from the judgment have been exhausted and he has given notice to the superintendent, as required by division (C) of this section;

(3) He is not a spouse of the judgment debtor, or the personal representative of such spouse;

(4) He has diligently pursued his remedies against all the judgment debtors, other than the licensee, and all other persons liable to him in the transaction for which he seeks recovery from the real estate recovery fund;

(5) He is making his application not more than one year after termination of all proceedings, including appeals, in connection with the judgment.

. . . . .

(E) Should the superintendent pay from the real estate recovery special account any amount in settlement of a claim or toward satisfaction of a judgment against a licensed broker or salesman, *the license of the broker or salesman shall be automatically suspended* upon the effective date of an order by the court as set forth herein authorizing payment from the real estate recovery special account. No such broker or salesman shall be granted reinstatement until he has repaid in full, plus interest at the rate of eight per cent a year, the amount paid from the real estate recovery special account on his account. A discharge in bankruptcy does not relieve a person from the suspension and requirements for reinstatement provided for in this section. [emphasis added]

. . . .

Debtor essentially argues that any action to reduce Defendant's discharged claim to judgment would result in a forfeiture of Debtor's license by virtue of O.R.C. § 4735.-12(E). The Court notes that Debtor does not admit the alleged claim, and instead contends that any claim Defendant may possess was discharged on 29 June 1982. Instead, Debtor argues that Debtor's real estate license constitutes property of the estate, and any action by Defendant which, in essence, effects a forfeiture of such license is thus an action "against property of the Debtor" and therefore violative of 11 U.S.C. § 362.

Defendant responds that Debtor's license is a state-granted privilege revocable upon a failure to fulfill the duties or to act within the standards of conduct prescribed in Chapter 4735 of the Ohio Revised Code. Defendant further emphasizes that its action in state court was only maintained for the purpose of seeking "declaratory relief" and that Defendant did not allege Debtor's personal liability therein.

█ It is the determination of the Court that the stay of 11 U.S.C. § 362 is inapplicable to the instant case. The automatic stay of 11 U.S.C. § 362(a)(1) operates as a stay of the commencement or continuation of any judicial proceeding that could have been commenced prior to Debtor's Petition filing. 11 U.S.C. § 362(a)(1). The purpose of this broad stay of all judicial actions against debtors is to permit adjudication of all matters "related" to a debtor's estate in a single forum, even if this Court possesses only concurrent jurisdiction. 28 U.S.C. § 1471. It appears from the record that Defendant's Complaint filing may have constituted a violation of the automatic stay of 11 U.S.C. § 362(a)(1). The discharge of Debtor on 29 July 1982, however, effected a lifting of the stay of 11 U.S.C. § 362. 11 U.S.C. § 362(c)(2)(C).

Although Defendant's Complaint filing may have violated the stay at the time of the filing, it is the determination of the Court that sanctions are now unwarranted. First, the Court notes that the parties have stipulated that the claim "matured" the day after Debtor's Petition filing, indicating that the claim itself may have been post-petition and therefore never under this Court's auspices at any time. 11 U.S.C. § 101(9)(A). Further, the Complaint itself, fashioned as a declaratory action, apparently does not allege Debtor's personal liability, and adjudication of the Complaint apparently is not intended to result in a collection of any monies by Defendant directly from Debtor. In addition, Debtor failed to request timely any of the traditional remedies of a contempt sanction or injunctive relief in this forum. Furthermore, Defendant appears to have had the *bona fide* intention of "merely" ascertaining the amount of the claim for which apparently no distribution could have been made from the debtor's estate, and for the sole purpose of pursuing reimbursement from the State of Ohio, in its capacity as a third party guarantor under O.R.C. § 4735.12(B). 11 U.S.C. § 362(d)(1). In this case, the Court's conclusion is that the Court is unable to

resolve the issue whether Defendant may have violated the automatic stay of 11 U.S.C. § 362 because the record is incomplete in this regard; but, the Court nevertheless specifically finds that Debtor's subsequent discharge acted to cure any violation of the automatic stay which may have occurred, the Debtor not having sought a bankruptcy court determination prior thereto.

 The basic issue before the Court therefore is whether Defendant's conduct should be deemed stayed under the discharge injunction of 11 U.S.C. § 524(a)(2). The discharge injunction of 11 U.S.C. § 524(a)(2) is of much narrower breadth than the stay of all judicial proceedings contained in 11 U.S.C. § 362(a)(1). 11 U.S.C. § 362(a)(1) stays all judicial proceedings against a debtor, even if the debtor is arguably only a nominal party. In essence, 28 U.S.C. § 1471 and 11 U.S.C. § 362(a) and (d) operate to imbue this Court with considerable discretion to limit the forums in which a debtor need appear to resolve all matters "related" to his estate. Although 11 U.S.C. § 727 discharges the debtor from personal liability on those claims which are duly scheduled and noticed, the issuance of a discharge simultaneous acts to lift the broad stay on all related judicial proceedings. 11 U.S.C. §§ 362(c) and 524(a)(1). Furthermore, such discharge does not extinguish a discharged debt, but "merely" relieves the debtor from personal liability on such debt, and enjoins creditors possessing discharged claims from commencing or continuing actions to collect any such debt "as a personal liability of the debtor." 11 U.S.C. § 524(a)(2) and § 14(F) of the Bankruptcy Act; see also 1A Collier on Bankruptcy, (14th Ed.) ¶ 17.27, and extensive citation therein.

Applied to the facts of this case, the above rationale would lead to the *prima facie* conclusion that the discharge injunction should not operate to prevent reduction of Defendant's discharged claim to a money judgment for the sole purpose of enabling reimbursement from "the real estate recovery special account" under O.R.C. § 4735.12.

The discharge of a debtor from personal liability on a claim does not discharge comakers or guarantors on that claim, even though, during the pendency of the debtor's proceeding, the automatic stay would prevent pursuit of an action in a nonbankruptcy forum naming the Debtor-principal obligor to reduce an alleged claim to judgment, even if the Debtor was named *pro forma* only.

The critical complicating factor in this case is that the granting of an application filed under O.R.C. § 4735.12(B) would automatically effect a forfeiture of Debtor's license. The Court notes that the instant license, based upon the Debtor-licensee's special skills and education, does not constitute property of the estate as contemplated in 11 U.S.C. § 541. The concept of property of the estate, however, is not pertinent in the instant context. Instead, the ultimate issue presented on the instant facts is whether O.R.C. § 4735.12(E), by providing for an automatic revocation of a real estate license upon the payment of a judgment by the State of Ohio under O.R.C. § 4735.12(B) which the licensee has not himself paid regardless whether the underlying claim was discharged, is contradictory to 11 U.S.C. § 525, which provides in pertinent part:

> ... [A] governmental unit may not deny, revoke, suspend, or refuse to renew a license ... to ... a person that ... has been a debtor under [title 11 of the United States Code] ... solely because such ... debtor ... has not paid a debt ... that was discharged under the Bankruptcy [Code].

We note that the terms of this Ohio statute are mandatory and there is no discretion to be invoked or an opportunity to be heard afforded to licensee. The regulatory policies of the State of Ohio in the supervision of real estate broker licensing is not involved beyond merely enforcing payment of judgments. See *Perez v. Campbell,* 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971); and this Court's opinion distinguishing different types of state action not in conflict with Section 525, in *Hinders v. Miami Valley Regional Transit Authority,* 22

B.R. 810, 9 B.C.D. 655 (Bkrtcy.Ohio 1982). In this case, if Defendant is successful and obtains a judgment against Debtor as pleaded, assertion of such judgment by verified application pursuant to O.R.C. § 4735.-12(B) would be tantamount to an automatic revocation of Debtor's license by the State of Ohio, and thus involves the implicit issue of possible preemption of O.R.C. § 4735.-12(E) by 11 U.S.C. § 525. In a sense, the wording of O.R.C. § 4735.12(B) has rendered Defendant a vicarious agent of the State of Ohio and has made Defendant the key actor in the state's licensing process. It is the opinion of the Court, therefore, that Defendant's actions should be enjoined insofar as Defendant's conduct would constitute state action violative of 11 U.S.C. § 525. 11 U.S.C. §§ 105, 524 and 525. Resolution of the issue whether 11 U.S.C. § 525 is preemptive of O.R.C. § 4735.12(E), however, would require joinder of the State of Ohio as a necessary party, with all the customary rights of notice and due process attendant thereto.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Debtor's Complaint is GRANTED to the extent that Defendant is HEREBY ENJOINED from filing a verified application under O.R.C. § 4735.12(B), subject to further order of the Court. It is the specific determination of the Court that Defendant may proceed with the pending state court action for the purpose of reducing Defendant's claim to judgment and of seeking payment under such a judgment from any other parties to the state court suit other than the Debtor-Plaintiff herein.

IT IS FURTHER ORDERED that the question whether 11 U.S.C. § 525 permits enforcement of any part of O.R.C. § 4735.-12(E) is RESERVED for resolution in this proceeding if the State of Ohio is made a party defendant herein (or institutes action as a plaintiff for determination of its rights under 11 U.S.C. § 525).

IT IS FURTHER ORDERED that Debtor is GRANTED two weeks LEAVE to decide whether to amend the Complaint to name the State of Ohio as a party to the instant litigation.