Marie ALMY, et al., Plaintiffs,

v.

TERRACE LAND DEVELOPMENT, LTD., et al., Defendants.

and related cross-action.

No. C 81–1825 SAW.

United States District Court, N.D. California.

July 5, 1983.

Lawrence W. Hartinger, Pleasant Hill, Cal., for plaintiffs.

Diane Crowley, Gordon & Rees, Severson, Werson, Berke & Melchior, San Francisco, Cal., for defendants.

## ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE MAGISTRATE'S ORDER AND FOR STAY, AND GRANTING DEFENDANT KAVANAUGH'S MOTION TO DISMISS

WEIGEL, District Judge.

Plaintiffs, investors in a Hawaiian condominium project, brought this action on May 7, 1981, alleging violations of federal securities laws. Although plaintiffs' complaint names eight defendants, only two are involved in the motions currently before the Court. Defendant Kavanaugh, a real estate appraiser, provided an appraisal to the condominium developers of the property involved in the condominium project. Defendant Aloha Title Co., Inc. was the escrow agent for the project.

On July 31, 1981, defendant Kavanaugh (hereinafter "defendant") served a set of interrogatories on plaintiffs. Plaintiffs failed to respond to those interrogatories. On January 21, 1982, the Court transferred the case to Bankruptcy Court in Honolulu, Hawaii, where one of the named defendants, Terrace Land Development, Ltd., filed a petition in bankruptcy on February 20, 1981. On October 27, 1982, those portions of the case not involving the bankrupt defendant were transferred from the Bankruptcy Court back to this Court. On February 23, 1983, defendant moved for an order to compel responses to his July 31, 1981, interrogatories. On April 5, 1983, Chief Magistrate Woodruff granted that motion and imposed a fine of $1,115.00 on plaintiffs. On April 15, 1983, plaintiffs moved to set aside the order of the Chief Magistrate and for a stay of further proceedings pending disposition of the bankruptcy action. On June 16, 1983, defendant moved to dismiss for plaintiffs' failure to comply with the Chief Magistrate's Order.

The filing of a petition in bankruptcy operates as a stay of all judicial proceedings against the debtor. 11 U.S.C. § 362(a) (Supp. III 1979). However, such a stay does not apply to claims against non-bankrupt co-defendants. *In re Related Asbestos Cases*, 23 B.R. 523, 530 (N.D.Cal. 1982). Thus, the filing of a petition in bankruptcy by a co-defendant had no effect on plaintiffs' obligation to respond to defendant's interrogatories. Further, because none of the defendants currently before the Court has filed a petition in bankruptcy, plaintiffs are not entitled to have this case stayed pending resolution of the related bankruptcy action.

Plaintiffs' failure to comply with the Chief Magistrate's order justifies dismissal of defendant. Rule 37(b)(2)(C) of the Federal Rules of Civil Procedure provides that a court may dismiss an action in whole or in part where a party fails to comply with an order for discovery. Defendant has diligently sought to get answers to his interrogatories without success for almost two years. Plaintiffs have not made a good faith attempt to answer those interrogatories. There is no evidence that plaintiffs' failure to comply with Chief Magistrate Woodruff's order was based on a good faith belief that an automatic stay was in effect in this case. Plaintiffs did not raise that contention until after a hearing was held on defendant's motion to compel answers to his interrogatories.

Accordingly,

IT IS HEREBY ORDERED that plaintiffs' motion to set aside Chief Magistrate Woodruff's order and for stay is denied.

IT IS FURTHER HEREBY ORDERED that defendant James E. Kavanaugh is dismissed from this action.