**In re Charles Chaney FASSE, Debtor.**

**Helen SHADE, Plaintiff,**

v.

**Charles Chaney FASSE, aka Charles C. Fasse, aka Chuck Fasse, dba Trident, Inc. and Janet MacFarlane, Trustee, Defendant.**

**Bankruptcy No. 81 B 3422 M.**

United States Bankruptcy Court, D. Colorado.

June 27, 1984.

Charles B. Dickson, Greeley, Colo., for plaintiff.

Dan Ray Martin, Fort Collins, Colo., for debtor/defendant.

## MEMORANDUM OPINION AND ORDER

JAY L. GUECK, Bankruptcy Judge.

THIS MATTER is before the Court on plaintiff's Motion for Relief From Permanent Injunction provided in 11 U.S.C. § 524(a)(2). Plaintiff (Shade) seeks relief so that she might proceed with a state court action against the debtor (Fasse) who has received a discharge. The purpose of the action is solely to perfect Shade's rights to collect from the Colorado Real Estate Recovery Fund.

In February of 1981, Shade filed a complaint against Fasse in the District Court for Larimer County, Colorado. The complaint centered around causes of action for breach of brokerage and escrow agreements, failure to pay on a promissory note, and a request for specific performance. Additionally, there were allegations of negligent misrepresentation, fraud, conversion and misappropriation in connection with Fasse's activities as a broker. Fasse failed to answer or otherwise respond to the complaint, whereupon the plaintiff moved for default judgment. The court granted a partial default judgment on May 26, 1981, against Fasse. Relief was not granted on the claims sounding in fraud, conversion, or misappropriation, as plaintiff was unavailable to testify at that time. It was apparently understood that when Ms. Shade returned to the Larimer County area, the state court would receive her testimony relating to the causes of action not yet reduced to judgment.

On July 8, 1981, Mr. Fasse filed for relief under Chapter 13 of the Bankruptcy Code. Following some considerable delays, the filing of plans and amended plans, hearings relating to various claims and other delays, a discharge entered in favor of the debtor under 11 U.S.C. § 1328 on March 11, 1983. The discharge had the effect of lifting the automatic stay imposed by 11 U.S.C. § 362, replacing it with the narrower discharge injunction of 11 U.S.C. § 524(a)(2). Plaintiff now desires to appear in the state court action to present evidence establishing the debtor's commission of fraudulent acts of conversion and misappropriation. If plaintiff is successful, she intends to seek recovery solely from the Colorado Real Estate Recovery Fund.

The purpose of the Colorado Real Estate Recovery Fund is to provide a monetary fund for satisfying judgments, based on real estate transactions, against real estate brokers and salesmen who have insufficient assets from which to pay judgments against them, *Chetelat v. District Court*, 196 Colo. 473, 586 P.2d 1335 (1978). Payments from the Fund are controlled, in part, by 1973 C.R.S. § 12–61–302, which provides:

"When any person obtains a final judgment in any court of competent jurisdiction against any real estate broker or real estate salesman licensed under part 1 of this article after a hearing and finding by the court on the grounds of negligence, fraud, willful misrepresentation, deceit, or conversion of trust funds arising directly out of any transaction which

occurred when such broker or salesman was licensed and in which such broker or salesman performed acts for which a license is required ... such person, may, upon termination of all proceedings including appeals, file a verified application in the court in which the judgment was entered for an order directing payment out of the real estate recovery fund of the amount of actual and direct loss in such transaction, including court costs and reasonable attorney fees, which remains unpaid upon the judgment."

A condition precedent to plaintiff's application for payment from the Fund is the entry of a judgment against the debtor on the grounds of negligence, fraud, willful misrepresentation, deceit or conversion of trust funds. Plaintiff recognizes she is proscribed by 11 U.S.C. § 524(a)(2) from collecting any such debt as a personal liability of the debtor. She simply wishes to perfect her rights under 1973 C.R.S. 12–61–302, et seq. to collect from the Fund.

The threshold issue, therefore, is whether plaintiff's proposed conduct is stayed by the discharge injunction. Section 524(a)(2) states:

"(a) A discharge in a case under this title—

. . . .

"(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or any act, to recover or offset any such debt as a personal liability of the debtor, or from property of the debtor, whether or not discharge of such debt is waived."

■ The discharge injunction is narrower in breadth than the automatic stay under Section 362, which stays all judicial proceedings even when the debtor is only a nominal party. Although a discharge under 11 U.S.C. § 1328 relieves the debtor from personal liability on scheduled debts it does not have the effect of extinguishing the debt. 11 U.S.C. § 524(e). Rather, creditors can prosecute a claim against co-debtors and guarantors. See, Sen.Rep. No. 95–989, 95th Cong. 2d Sess. 80–1 (1978), U.S.Code Cong. & Admin.News 1978, p.

5787. In addition, when it is necessary to commence or continue a suit against a debtor in order to establish liability of another, such a suit is not barred by § 524, where enforcement proceedings are not asserted against the debtor. In the Matter of McGraw, 18 B.R. 140 (Bankr.W.D.Wis. 1982); Collier on Bankruptcy, ¶ 524.01[3], p. 524–15 (15th Ed.1979).

■ The foregoing analysis leads to the conclusion that the discharge injunction of § 524 does not operate to prevent reduction of plaintiff's claim to a money judgment, with no collection efforts against the debtor, for the sole purpose of making a claim against the Colorado Real Estate Recovery Fund. See, also, Green v. Yang, 29 B.R. 682 (Bankr.S.D.Ohio 1983).

This, however, does not end the analysis, as the possible conflict between the statutory scheme of 1973 C.R.S. § 12–61–301, et seq. and 11 U.S.C. § 525 must be discussed. Plaintiff's motion states, "at no time does the debtor have a pecuniary stake at issue." This statement is not wholly accurate. The debtor's pecuniary interests may well be affected by C.R.S. § 12–61–304 (1973):

"If the real estate commission is required to make any payment from the real estate recovery fund in settlement of a claim or toward the satisfaction of a judgment pursuant to the provisions of this part 3, the real estate commission shall give notice of hearing and order to show cause why the judgment debtor's license ... should not be suspended or revoked pursuant to section 12–61–114 and article 4 of title 24, C.R.S.1973. If the license is suspended or revoked, the licensee shall not be eligible to be licensed against as either a broker or a salesman until he has repaid in full the amount paid from the real estate recovery fund with interest thereon of six percent per annum."

While no authority has been found on the issue, it appears from a reading of § 12–61–304 that the only cause necessary to revoke or suspend the judgment debtor's

license is a payment from the fund towards satisfaction of a judgment. If the statute were applied in such a manner, a potential conflict would exist with 11 U.S.C. § 525.

Section 525 is a codification of the doctrine articulated in *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971). In essence, § 525 provides that no governmental unit may deny or revoke a license solely because a person has not paid a debt which was discharged in bankruptcy. Conflicts with § 525 have led some courts to either invalidate similar state statutes under the Supremacy Clause of the U.S. Constitution, or enjoin creditors from proceeding with collection efforts from third parties. *See, Matter of Layfield*, 12 B.R. 846 (Bankr.N.D.Ala.1981); *Green v. Yang, supra.*

 1973 C.R.S. § 12–61–304, however, is distinguishable from those statutes which the *Layfield* and *Green* courts found objectionable. The terms of the Colorado Statute are neither mandatory nor automatic. The license can be revoked only after notice and a hearing. The payment of money from the Fund merely precipitates the involvement of the state. If factors other than the nonpayment of the debt indicate the judgment debtor is unsuitable to hold a real estate license, the state may commence a proceeding to revoke debtor's license. *Hinders v. Miami Valley Regional Transit Authority*, 22 B.R. 810 (Bankr. S.D.Ohio 1982). However, if the only reason for suspension or revocation of the license is a debt discharged in bankruptcy, such action would be in direct contravention of § 525. In such circumstances this Court has the power and obligation to effectuate its own lawful orders and to prevent circumvention of those orders. *See,* 11 U.S.C. § 105(a). Thus, a bankruptcy court may take steps to protect the debtor from efforts of the state to interfere with the debtor's rights provided by his discharge, *Kaping v. Oregon*, 13 B.R. 621 (Bankr.Ore.1981). Therefore, this Court will entertain an appropriate motion should the State of Colorado attempt to take any action in controvention of § 525 in connection with the debtor's real estate license.

On the basis of the foregoing analysis, it is

ORDERED that plaintiff's Motion for Relief From Permanent Injunction is granted to the extent of proceeding to obtain judgment against the debtor, as required to perfect liability against the Colorado Real Estate Recovery Fund.

IT IS FURTHER ORDERED that any writ of execution shall remain unsatisfied with respect to this debtor, on the basis of 11 U.S.C. § 524(a)(2).