**In re Dred Scott PHILLIPS, also filing as Director, Officer and Shareholder of D. Scott Realty, Inc., Debtor.**

**Billy J. BARLOW and Patricia L. Hubbard, Plaintiffs,**

v.

**Dred Scott PHILLIPS, etc., Defendant.**

**Bankruptcy No. 83 B 4047 G.**

United States Bankruptcy Court, D. Colorado.

June 27, 1984.

Eugene Deikman, P.C. by Lionel D. Hopson, Denver, Colo., for plaintiffs.

Andrea B. Berger, Denver, Colo., for debtor/defendant.

## MEMORANDUM OPINION
## AND ORDER

JAY L. GUECK, Bankruptcy Judge.

THIS MATTER is before the Court on the Motion of Billy J. Barlow (Barlow) and Patricia L. Hubbard (Hubbard) for relief from the automatic stay of 11 U.S.C. § 362. Barlow and Hubbard wish to proceed against Dred Scott Phillips, the debtor, in a state court action to perfect their right to receive payment from the Colorado Real Estate Recovery Fund. 1973 C.R.S. § 12–61–301.

Plaintiffs allege that in May of 1980, they entered into a business arrangement with Phillips, who was to act as the real estate broker for a newly formed realty company. The debtor represented he possessed the necessary broker's license to perform this function. In reality, debtor possessed only a salesman's license and was not properly licensed for the function he was to perform. Barlow and Hubbard claim to have discovered this misrepresentation and other misconduct by the debtor only after they had invested significant amounts of money in the debtor's company.

Barlow and Hubbard filed suit in the District Court, City and County of Denver. On August 23, 1983, Barlow and Hubbard received a favorable judgment in the state court action. Shortly thereafter, and prior to the execution on the judgment, the debtor filed for relief under Chapter 13 of the Bankruptcy Code. Under the debtor's confirmed Chapter 13 Plan, Barlow and Hubbard will receive only nominal payment on the judgment.[1] They now seek relief from the automatic stay so that the remainder of

---

**1.** The debtor's plan calls for monthly payments of $200.00 for 33 months. Under the plan, Barlow and Hubbard will receive a dividend of $1.00 each.

their judgment may be satisfied from the Colorado Real Estate Recovery Fund.

This Fund provides a resource from which to satisfy judgments entered against Colorado real estate agents for certain types of tortious conduct. Initially, under the terms of the statute, two conditions must be met in order to make a recovery from the fund: (1) the loss must arise directly from a transaction which occurred when the real estate agent was licensed; (2) the transaction must be one in which such broker or salesman performed acts for which a license is required. 1973 C.R.S. § 12–61–302.

█ The undisputed evidence establishes that the debtor had a Colorado salesman's license at the time he entered into the business arrangement with Barlow and Hubbard. He did not possess a broker's license. It is no bar to recovery from the Fund that the debtor is not licensed at the present time, *Chetelat v. District Court*, 196 Colo. 473, 586 P.2d 1335 (1978). Whether the losses resulted from acts for which a license is required is a question of state law on which I make no finding. I do, however, find that Barlow and Hubbard have a plausible claim against the Fund and the possibility of relief from stay should be discussed further.

To perfect their rights of recovery from the Fund, it appears that Barlow and Hubbard must take two additional actions. First, they must obtain a court order directing that payment be made from the Fund. Procedurally, this is accomplished by filing a verified application to the court in which judgment was entered, seeking an order directing payment to be made from the Real Estate Recovery Fund. Secondly, if the statutory requirement is not waived by the state court, Barlow and Hubbard must show that a writ of execution has been issued and returned as unsatisifed. 1973 C.R.S.. § 12–61–303(c).

Barlow and Hubbard are stayed from taking either of these actions by virtue of the automatic stay provisions of 11 U.S.C. § 362(a)(1), which provides:

"(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3)), operates as a stay, applicable to all entities, of—

(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other proceedings against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;"

█ The language of § 362(a)(1) refers only to actions against the debtor. The automatic stay does not have the effect of suspending an entire action simply because one of the parties has filed bankruptcy. *Almy v. Terrace Land Development*, 32 B.R. 390 (N.D.Ca.1983). Where the claims against non-bankrupts are severable, the proceedings may continue against the remaining parties. *In re Related Asbestos Cases*, 23 B.R. 523 (N.D.CA.1982).

In the case at bar, the state court has already entered final judgment against the debtor, and recovery is now sought from the Real Estate Recovery Fund. Barlow and Hubbard have stipulated that no further claim would be asserted against the debtor. This, however, does not mean the claim is one that is not against the debtor. Relief from stay is still necessary in order to make a recovery from the Fund. Once payment is made, the Real Estate Commission will have a right of reimbursement from the debtor. 1973 C.R.S. § 12–61–305. This adversely affects the debtor's interests. *In re Terry*, 12 B.R. 578 (Bankr.E.D. Wis.1981). In addition, payment from the Fund may make it more difficult for the debtor to have his real estate license reinstated. 1973 C.R.S. § 12–61–304. The requirement that relief from stay be sought is consistent with the legislative history, which suggests that all proceedings are stayed, even when the debtor is only a

nominal defendant. Sen.Rep. No. 95–989, 95th Cong. 2d Sess. 5 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787.

■ As stated earlier, if the statutory requirement is not waived by the state court, Barlow and Hubbard must also show that a writ of execution has been issued and returned unsatisfied. A writ of execution is a form of legal process. Therefore, its issuance is also stayed by § 362(a)(1), H.R.Rep. No. 95–595, 95th Cong. 1st Sess. 340–341 (1977). In addition, any attempt to satisfy such a writ is stayed by § 362(a)(2).

■ Relief from the automatic stay is controlled by § 362(d). The stay may be modified in those instances where "cause" is demonstrated for doing so. Courts have tended to modify the stay to permit continuation of a civil suit with a debtor where two conditions are met: (1) That no "great prejudice" will result to the debtor or the estate; and (2) the hardship to the plaintiff resulting by continuing the stay considerably outweighs the hardship to the debtor by modification of the stay. *In the Matter of McGraw*, 18 B.R. 140 (Bankr.W.D.Wis. 1982); *Holtkamp v. Littlefield*, 669 F.2d 505 (7th Cir.1982).

The debtor contends "great prejudice" would result to himself and the estate in two respects. First, the debtor claims he would be required to expend additional attorney's fees. In the case at bar, judgment has already entered against the debtor. Further representation in the state court action is unnecessary as Barlow and Hubbard are now pursuing their right of recovery only from the Real Estate Recovery Fund. Additionally, while the cost of defending in a civil suit has been given serious consideration by bankruptcy courts, no case has found the cost of defending, by itself, to be "great prejudice" as to bar modification of the stay. *Matter of McGraw, supra,* 18 B.R. at 142.

The debtor also argues that the affect of 1973 C.R.S. § 12–61–304 will cause great prejudice to the estate. This Colorado Statute provides:

"If the real estate commission is required to make any payment from the real estate recovery fund in settlement of a claim or toward the satisfaction of a judgment pursuant to the provisions of this part 3, the real estate commission shall give notice of hearing and order to show cause why the judgment debtor's license ... should not be suspended or revoked pursuant to section 12–61–114 and article 4 of title 24, C.R.S. 1973. If the license is suspended or revoked, the licensee shall not be eligible to be licensed against as either a broker or a salesman until he has repaid in full the amount paid from the real estate recovery fund with interest thereon of six percent per annum."

The debtor asserts that he will be barred from obtaining his real estate license, which could inhibit his ability to fund the Chapter 13 plan. It is noteworthy here that the evidence reflects Phillips has not worked as a real estate agent for over two years. His occupation when the Chapter 13 plan was filed was a car salesman. He was still occupying that position at the time of hearing on this matter.

■ This Court has previously addressed the possible conflict between C.R.S. § 12–61–304 and § 525 of the Bankruptcy Code in *Shade v. Fasse*, 40 B.R. 198. There, I determined that C.R.S. § 12–61–304 does not, on its face, conflict with § 525 in such a manner as to make it void under the Supremacy Clause of the U.S. Constitution. Should the Colorado Real Estate Commission attempt to enforce § 12–61–304 in a manner inconsistent with § 525, this Court will entertain an appropriate motion at that time.

■ With respect to the relative hardship to the parties, it is evident the hardship to the plaintiffs by continuing the stay outweighs that to be suffered by the debtor if the stay is modified. The plaintiffs will be deprived of any opportunity to seek redress from the Real Estate Recovery Fund unless the stay is modified as requested. This fund was created for the purpose of providing claimants with recov-

ery where the real estate agent is unable to respond to damages resulting from his or her wrongful conduct. *Chetelat v. District Court,* 196 Colo. 473, 586 P.2d 1335 (1978). No real hardship will occur to the debtor by allowing him to be included as a party for the purpose of perfecting Barlow and Hubbard's right to recovery from this Fund, so long as the provisions of 11 U.S.C. § 525 are upheld.

On the basis of the foregoing analysis, it is ordered:

Billy J. Barlow and Patricial L. Hubbard are granted relief from the automatic stay of § 362 to perfect their right of recovery from the Colorado Real Estate Recovery Fund resulting from the conduct of the debtor, Dred Scott Phillips. Plaintiffs shall assert no personal liability against the debtor. This Order shall constitute a ruling that any writ of execution shall be returned unsatisfied.