Edwin A. JOHNS, Defendant-Appellee,

v.

The COLORADO REAL ESTATE COMMISSION, Defendant-Appellant.

No. 83CA1278.

Colorado Court of Appeals,
Div. I.

Nov. 15, 1984.

Rehearing Denied Dec. 13, 1984.

Certiorari Denied April 1, 1985.

Pferdesteller, Vondy, Horton & Coren, P.C., Fred W. Vondy, Denver, for defendant-appellee.

Duane Woodard, Atty. Gen., Charles B. Howe, Chief Deputy Atty. Gen., Richard H. Forman, Sol. Gen., Linda K. Sublette, Asst. Atty. Gen., Denver, for defendant-appellant.

ENOCH, Chief Judge.

The Colorado Real Estate Commission (Commission) appeals from a judgment requiring it to pay damages from the Colorado Real Estate Recovery Fund to Edwin A. Johns pursuant to § 12–61–302(1), C.R.S. (1984 Cum.Supp.). We affirm.

Sidney T. Tracy, a licensed real estate salesman, was the owner of a horse ranch which he sold to Johns. When Johns first saw the property, he was told that Tracy was the owner and the "realtor." It was listed by Jones and Nordstrom, Inc., a real estate brokerage company for which Tracy worked. Johns saw a company for-sale sign on the property, listing Tracy's name and phone number, and when he contacted the company he was referred to Tracy as its agent.

During initial negotiations, Tracy agreed to give up his commission on the property, and a contract price was reached. However, the day after the contract was signed, Tracy informed Johns that the company still required the commission, and that he could not personally afford to pay it. Negotiations resumed, and Johns ultimately agreed to pay the commission if Tracy would seed the fields, leave the furniture, a five hundred gallon gas tank, and certain livestock on the premises, and transfer certain additional water rights. After closing, Tracy failed to comply with any of these conditions, and refused to give Johns possession of the property at the time specified in the original agreement. Subsequently, Johns filed suit against Tracy for damages and when Tracy could not be located, a default judgment was taken against him.

We first reject the Commission's contention that because Tracy was selling his own property, the trial court erred in concluding that he performed acts for which a real estate license is required. *Richards v. Income Realty & Mortgage, Inc.*, 654 P.2d 864 (Colo.App.1982) is dispositive.

The Real Estate Recovery Fund was established to protect innocent purchasers of real estate from financially unstable salesmen and brokers who engage in fraudulent conduct. *Richards, supra; see also Chetelat v. District Court*, 196 Colo. 473, 586 P.2d 1335 (1978). The fund also serves to allow recovery when such salesmen cannot be located. *Chetelat, supra.* In acting as a real estate salesman and an agent for

Jones-Nordstrum, Tracy performed acts requiring a real estate license, and Johns reasonably relied on Tracy as "his realtor." Recovery from the fund is not precluded simply because the property sold belonged to the real estate salesman. *Richards, supra.*

The Commission further contends that the trial court erred in concluding that Tracy performed acts for which a license is required. It maintains that the damages Johns sustained resulted from Tracy's failure to perform an agreement which was collateral, both in time and content, to the real estate transaction. Again, we disagree.

Although the damages Johns sustained occurred after the real estate transaction closed they were the result of representations made by Tracy to induce Johns to purchase the property. During this period of negotiations, Tracy was acting as the salesman. The claimed fraud, therefore, arose directly out of the sale of the real estate. Thus, the trial court correctly concluded that payment from the fund was appropriate. Section 12–61–302(1), C.R.S. (1984 Cum.Supp.).

Because it was not raised as an issue in the trial court, we do not address the Commission's contention that the judgment against Tracy was grounded in contract, rather than fraud. *City of Aurora v. Aurora Firefighters' Protective Ass'n,* 193 Colo. 437, 566 P.2d 1356 (1977); *Wickland v. Snyder,* 39 Colo.App. 403, 565 P.2d 976 (1977).

Judgment affirmed.

KELLY and VAN CISE, JJ., concur.