LOGAN, Circuit Judge.
 

 Defendants-appellants Robert Wilde, Monty Higley and Jonnie Higley seek to
 
 *1140
 
 establish the Higleys’ right to recover from Utah’s Real Estate Recovery Fund for a discharged claim against debtor-appellee Ralph L. Walker. As part of this effort, defendants filed motions with the bankruptcy court for relief from the Bankruptcy Code’s injunction against continuing or commencing actions concerning discharged debts,
 
 see
 
 11 U.S.C. § 524(a)(2), and for an extension of time in which to challenge the discharge of their claim against Walker. The bankruptcy court denied both motions and the district court affirmed. We affirm in part and reverse in part.
 

 The following facts are undisputed unless otherwise noted:
 

 In April 1985, the Higleys, through their counsel Robert Wilde, filed suit against real estate agent Ralph L. Walker and others in Utah state court for Walker’s alleged deceptive appropriation of funds from the Higleys during a consumer real estate transaction. The proceeding was halted temporarily when Walker filed a chapter 11 petition in bankruptcy court in Utah, but resumed when that petition was dismissed. On the day before trial, however, Walker, who was not represented by counsel, telephoned Wilde and the bankruptcy court and reported that he would not appear at trial because he again intended to file for bankruptcy. Trial nonetheless proceeded in Walker’s absence and concluded with the court stating that upon consideration of the Higleys’ offer of proof, it would enter judgment in their favor in the amount of $3950.00 plus fees, costs and interest. Walker filed for chapter 7 bankruptcy one day later, on November 21, 1986, in the United States Bankruptcy Court for the District of Colorado.
 

 The state district court formally entered judgment against Walker on November 26, 1986, five days after he had filed his second bankruptcy petition. Walker did not inform the state district court that he had filed for bankruptcy before the court entered this judgment. The record also establishes that the Higleys did not receive the bankruptcy court’s January 22, 1987, notice of the filing.
 
 [1]
 
 Instead, the Higleys first learned of Walker’s bankruptcy filing on February 26, 1987, more than three months after they obtained judgment, when another of Walker’s creditors provided Wilde with the name and address of the bankruptcy court in which Walker had filed, the case number and the name and address of Walker’s chapter 7 trustee. Wilde called the Colorado bankruptcy court to verify this information, but was told to submit a written inquiry. Wilde did so on March 12, 1987, but did not receive a response from the court until May 21, 1987, well after the bankruptcy court’s April 12, 1987, bar date for filing objections to the dischargeability of any of Walker’s debts. Neither Wilde nor the Higleys appear to have taken any other action to protect the Higleys’ rights in the bankruptcy court after they learned of Walker’s bankruptcy. Walker ultimately was issued a chapter 7 discharge of his debts, including the Hig-leys’ claim against him, on June 26, 1987.
 

 After learning that Walker had declared bankruptcy, the Higleys petitioned the state district court for an order directing payment of their judgment out of Utah’s Real Estate Recovery Fund (Fund), a monetary fund established by the State of Utah to satisfy judgments against real estate licensees in actions based on fraud, misrepresentation or deceit committed in real estate transactions.
 
 See
 
 Utah Code Ann. §§ 61-2a-l through -12. The state district court granted the Higleys’ petition and on September 21, 1987, the State of Utah complied with the court's order by paying the Higleys $3950.00.
 

 Two days later, on September 23, 1987, Walker filed a motion in Utah state court to vacate the judgment against him.
 
 [2]
 
 In
 
 *1141
 
 his motion, he alleged that the judgment was void because it was entered after he filed for bankruptcy and hence after the automatic stay imposed by 11 U.S.C. § 362(a) had gone into effect. On November 16, 1987, Walker filed an adversary proceeding against the Higleys and attorney Wilde, similarly claiming violation of the Bankruptcy Code’s automatic stay provisions and seeking damages under 11 U.S.C. § 362(h).
 

 The state district court denied Walker’s motion to vacate the state court judgment on the ground that it was untimely. Walker appealed, and on March 3, 1988, the Utah Supreme Court reversed and ruled that the state court judgment was void because it was entered after Walker had filed his last bankruptcy petition. On May 23, 1988, the state district court entered an order vacating the judgment pursuant to the supreme court ruling. The Utah Attorney General then requested that the state court order the Higleys to repay the Fund the $3950.00 previously paid to them in satisfaction of the now-void judgment. The record on appeal does not reveal whether this motion was successful or whether the Higleys have otherwise been compelled to repay the Fund.
 

 On July 15, 1988, the Higleys responded to the recovery efforts of the Utah Attorney General by filing various motions in the bankruptcy court
 
 [3]
 
 intended to confirm their right to the monies received from the Fund. These motions included requests for the bankruptcy court (1) to annul the automatic stay and retroactively validate the prior state court judgment; (2) to modify the permanent post-discharge injunction set forth in 11 U.S.C. § 524(a)(2) to allow the Higleys to finalize and enforce their judgment against the Fund; (3) to determine that their claim against Walker was not dischargeable and hence was not included in Walker’s June 1987 discharge and/or (4) to allow them an extension of time in which to challenge the dischargeability of this claim. The bankruptcy court denied each of these motions in a published memorandum opinion.
 
 Walker v. Wilde (In re Walker),
 
 91 B.R. 968 (Bankr.D.Utah 1988).
 

 The Higleys appealed the bankruptcy court’s denial of their motions for relief from the post-discharge injunction or for an extension of time in which to determine the dischargeability of their claim against Walker. The district court affirmed,
 
 Walker v. Wilde (In re Walker),
 
 103 B.R. 281 (D.Utah 1989), and this appeal timely followed.
 

 I
 

 In reviewing the bankruptcy court’s decision, we will accept the court’s findings of fact unless clearly erroneous, while considering its conclusions of law
 
 de novo. C.I.T., Fin. Servs., Inc. v. Posta (In re Posta),
 
 866 F.2d 364, 366-67 (10th Cir.1989). Based on this review, we reverse the district court’s decision on the injunction issue, but affirm its decision regarding the Higleys’ untimely attempt to challenge the discharge of their claim.
 

 Section 524(a)(2) of the Bankruptcy Code provides:
 

 (a) A discharge in a case under this title—
 

 (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived;
 

 11 U.S.C. § 524(a)(2). Thus, this section enjoins the Higleys from commencing or continuing any action or other process to hold Walker personally liable on their discharged claim against him.
 
 See Landsing Diversified Properties-II v. First Nat’l Bank & Trust Co. (In re Western Real Estate Fund, Inc.),
 
 922 F.2d 592, 598 (10th Cir.1990);
 
 Owaski v. Jet Florida Sys., Inc. (In re Jet Florida Sys., Inc.),
 
 883 F.2d 970,
 
 *1142
 
 973 (11th Cir.1989). The intent of this post-discharge injunction is to protect debtors like Walker in their financial “fresh start” following discharge.
 
 In re Jet Florida Sys.,
 
 883 F.2d at 972;
 
 see Wimmer v. Mann (In re Mann),
 
 58 B.R. 953, 958 (Bankr.W.D.Va.1986).
 

 Section 524 further provides, however, that “discharge of a debt of the debt- or does not affect the liability of any other entity on, or the property of any other entity for, such debt.” 11 U.S.C. § 524(e). It is well established that this provision permits a creditor to bring or continue an action directly against the debtor for the purpose of establishing the debtor’s liability when, as here, establishment of that liability is a prerequisite to recovery from another entity.
 
 In re Western Real Estate Recovery Fund,
 
 922 F.2d 592, 601 n. 7 (“the fact that the debtor may be involved in the ensuing litigation, even named as a defendant where necessary to enable recovery against a codefendant (such as a liability insurer), does not permit invocation of section 524(a) to preclude a creditor’s post-bankruptcy pursuit of a discharged claim against a third party”);
 
 In re Jet Florida Sys.,
 
 883 F.2d at 976 (suit against debtor permitted to establish right to recover from debtor’s insurer);
 
 Shade v. Fasse (In re Fasse),
 
 40 B.R. 198, 200 (Bankr.D.Colo.1984) (suit against debtor permitted to establish right to recovery from Colorado Real Estate Recovery Fund);
 
 see generally
 
 3 R. Babitt, A. Herzog, H. Novikoff & M. Sheinfeld,
 
 Collier on Bankruptcy
 
 ¶ 524.01 at 524-16 (15th ed. 1990). Logically enough, this exception to section 524(a)’s post-discharge injunction hinges “upon the condition that the debtor not be personally liable in a way that would interfere with the debtor’s fresh start in economic life.”
 
 In re Jet Florida Sys.,
 
 883 F.2d at 975;
 
 see In re Mann,
 
 58 B.R. at 958;
 
 In re McGraw,
 
 18 B.R. 140, 143 (Bankr.W.D.Wis.1982) (suit against debtor may not result in collection efforts against debtor or his property).
 

 In this case, the Higleys seek to continue their state court action against Walker for the sole purpose of confirming their right to the Fund monies previously paid to them. Both the bankruptcy and district courts denied the Higleys the right to continue this suit on the ground that it would prejudice Walker’s financial fresh start in two ways. First, both courts concluded that Walker, if found liable in the suit, would be prejudiced by application of Utah Code Ann. § 61-2a-9 (before 1989 amendment).
 
 See In re Walker,
 
 103 B.R. at 284;
 
 In re Walker,
 
 91 B.R. at 974. This statute, as in effect at all times relevant to this appeal,
 
 [4]
 
 provided in pertinent part:
 

 The license of any real estate licensee for whom payment from the fund is made under this chapter shall be automatically revoked. The licensee may not apply for a new license until the amount paid out on his account, plus interest at a rate determined by the Division of Real Estate with the concurrence of the commission, has been repaid in full.
 
 A discharge in bankruptcy does not relieve a licensee from the penalties and obligations of this section.
 

 Utah Code Ann. § 61-2a-9 (before 1989 amendment) (emphasis added).
 

 As recognized by the bankruptcy court, this provision is but “an undisguised attempt by the state to induce collection of a discharged debt from a licensee,”
 
 In re Walker,
 
 91 B.R. at 974, and hence contravenes the post-discharge injunction established in section 524 of the Bankruptcy Code. The automatic license revocation requirement also contravenes section 525 of the Code, which provides in relevant part that
 

 a governmental unit may not deny, revoke, suspend, or refuse to renew a license ... against ... a person that is or has been a debtor under this title ... because such bankrupt or debtor ... has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.
 

 
 *1143
 
 11 U.S.C. § 525(a). For these reasons, also as recognized by the bankruptcy court, the automatic revocation provision of Utah Code Ann. § 61-2a-9 violates the Supremacy Clause, United States Const., art. VI, cl. 2, and is thus unconstitutional.
 
 [5]
 

 See In re Walker,
 
 91 B.R. at 975 n. 11;
 
 see also Granger v. Harris (In re Harris),
 
 85 B.R. 858, 862 (Bankr.D.Colo.1988) (holding equivalent automatic license revocation provision of Colorado real estate statute unconstitutional). Having properly found the automatic revocation provision unconstitutional in the bankruptcy context,
 
 [6]
 
 the bankruptcy court also should have recognized that it was unenforceable against Walker and hence could not prejudice his fresh start. Accordingly, we find no basis for relying on an unconstitutional application of Utah Code Ann. § 61-2a-9 to bar the Higleys’ right to continue their action against Walker as part of an effort to recover from the Fund.
 
 [7]
 

 Both the bankruptcy and district courts also thought that the timing of the Higleys’ renewed efforts against the Fund would prejudice Walker in his fresh start.
 
 In re Walker,
 
 103 B.R. at 285;
 
 In re Walker,
 
 91 B.R. at 974. This concern apparently arose from the courts’ perception that the Higleys were tardy in seeking relief from the section 524(a) injunction more than a year after discharge was granted.
 
 See id.
 
 The record indicates, however, that the Higleys had no need for relief from the post-discharge injunction until Walker persuaded the Utah Supreme Court to void the state court judgment that had served as the basis for their recovery from the Fund. Once this event occurred and the judgment was vacated, the Higleys moved promptly in the bankruptcy court to obtain the relief necessary to resume the state court action. The record on appeal also contains no evidence that Walker was in fact prejudiced in any fashion by the one-year delay in seeking relief from the injunction. Under these circumstances, we find no basis for the lower courts’ determination that the Hig-leys’ efforts to renew this action threatened Walker’s financial fresh start.
 

 A final factor not expressly considered by the bankruptcy and district courts but of potential relevance to our determination is the extent to which renewal of the state court action will frustrate the Code’s fresh start policy by requiring Walker to incur additional legal expenses. The Higleys argue that any such expenses will be negligible either because the state court decided Walker’s liability before section 362’s automatic stay went into effect, leaving only entry of final judgment to be accomplished upon resumption of the action, or because the doctrine of collateral estoppel will bar relitigation of Walker’s liability in any new proceeding that may be required. Although these arguments have some appeal, we need not adopt them in order to hold that the possibility of renewed litigation does not constitute sufficient prejudice to Walker’s fresh start to preclude granting the Higleys relief from section 524’s post-discharge injunction. “ ‘While the cost of defending in a civil action has been given serious consideration by bankruptcy courts, no case has found the cost of defending, by itself, to be “great prejudice” as to bar modification of the [section 362] stay.’ ”
 
 In re Harris, 85
 
 B.R. at 860 (quoting
 
 Barlow v. Phillips (In re Phillips),
 
 40 B.R. 194, 197 (Bankr.D.Colo.1984)). The same can be said about
 
 *1144
 
 requested modifications of section 524(a)’s post-discharge injunction.
 
 See In re Jet Florida Sys.,
 
 883 F.2d at 976 (rejecting possible legal costs as basis for extending post-discharge injunction to action brought against debtor to recover from debtor’s insurer). Under the circumstances of this case, we are not prepared to deny the Hig-leys the relief they seek on the ground that Walker may thereby incur some legal expense. Accordingly, we find no prejudice in allowing the Higleys to proceed against Walker for the sole purpose of establishing the Higleys’ entitlement to recovery from Utah’s Real Estate Recovery Fund.
 
 [8]
 
 The bankruptcy court’s denial of the Higleys’ motion for relief from the section 524 injunction is therefore reversed.
 

 II
 

 The Higleys also appeal the bankruptcy court’s denial of their motion for an extension of time in which to challenge the dischargeability of their claim against Walker. At first glance, it appears unnecessary for us to address this issue given our holding that the Higleys may proceed in efforts to confirm their eligibility for monies received from the Fund by resuming their suit against Walker. It is not clear from the record, however, whether the Utah Attorney General succeeded in compelling the Higleys to return the Fund monies previously paid to them, thereby necessitating a new or renewed claim against the Fund when and if judgment is entered against Walker. If the Higleys must file a new claim against the Fund, it also is uncertain whether the state will take the position that this claim is subject to the Fund’s new provision, effective April 24, 1989, that
 

 [a] judgment that is the basis for a claim against the fund may not have been discharged in bankruptcy. In the case of a bankruptcy proceeding that is still open or that is commenced during the penden-cy of the claim, the claimant shall obtain an order from the bankruptcy court declaring the judgment and debt to be non-dischargeable.
 

 Utah Code Ann. § 61-2a-5(5).
 
 [9]
 
 Given these uncertainties, we will address the Higleys’ motion for an extension of time in which to seek such a declaration.
 

 Under 11 U.S.C. § 523(c) and Bankruptcy Rule 4007(c), a complaint against discharge of a creditor’s claim must be filed within 60 days after the first meeting of creditors. In this case, that bar date was April 12, 1987, rendering the Higleys’ July 1988 attempt to assert such a complaint untimely by more than a year. Pursuant to section 523(a)(3), however, a creditor’s claim is not discharged if the debtor fails to properly schedule the claim and the creditor does not receive notice of the debtor’s bankruptcy and the relevant filing dates. 11 U.S.C. § 523(a)(3);
 
 [10]
 

 Sanchez Ramos v. Compton (In re Compton),
 
 891 F.2d 1180, 1184 (5th Cir.1990). The essence of the Higleys’ argument on appeal is that their claim against Walker fell within this exception to discharge and that this same failure of formal notice requires that they now be allowed to challenge its discharge.
 

 The difficulty with the Higleys’ argument is that it ignores section
 
 *1145
 
 523(a)(3)’s caveat that the fraud-based debt of a creditor will be discharged if the creditor has “actual knowledge of the [bankruptcy] case in time for ... timely filing [of a proof of claim] and request [for a determination of the dischargeability of a debt].” 11 U.S.C. § 523(a)(3)(B);
 
 In re Compton,
 
 891 F.2d at 1184. In this case, it is undisputed that the Higleys, through their counsel, received actual notice of Walker’s bankruptcy filing on February 26, 1987, approximately six weeks before the deadline for Walker’s creditors to file complaints against discharge. As chapter 7 creditors holding an unsecured claim, the Higleys did
 
 “not
 
 have the ‘right to assume’ receipt of further notice.”
 
 [11]
 

 Yukon Self Storage Fund v. Green (In re Green),
 
 876 F.2d 854, 857 (10th Cir.1989) (emphasis in original). Thus, the Higleys’ actual knowledge of Walker’s chapter 7 bankruptcy case, in ample time for them to prepare and timely file the necessary request for determination of dischargeability, bars them from challenging the dischargeability of their claim some fifteen months after the bar date for such complaints.
 
 See id.; In re Compton,
 
 891 F.2d at 1184;
 
 Lompa v. Price (In re Price),
 
 871 F.2d 97, 99 (9th Cir.1989).
 

 The Higleys dispute this result on the ground, among others, that the bankruptcy court erred in implicitly finding that they learned of Walker’s bankruptcy in time to meet the bar date. The Higleys, however, bear the burden of showing that the bankruptcy court’s findings of fact are clearly erroneous.
 
 In re Green,
 
 876 F.2d at 856. They have failed to include any evidence in the record on appeal indicating that the bankruptcy court’s reasonable conclusion that six weeks was, in fact, sufficient time for them to prepare and file their complaint was in error.
 
 See In re Price,
 
 871 F.2d at 97-99 (late complaint against discharge barred when creditors’ counsel had actual knowledge of debtor’s chapter 7 bankruptcy filing two months before bar date). We also reject the Higleys’ contention that their response after learning of Walker’s bankruptcy filing was sufficient to allow them an extension of time in which to file a discharge complaint. Section 523(a)(3)(B) “explicitly places a burden on creditors with knowledge of bankruptcy proceedings to act to protect their rights.”
 
 In re Compton,
 
 891 F.2d at 1187. Here, the Higleys failed to take any number of actions that could have informed them of the April 12,1987, bar date.
 
 [12]
 
 Under these circumstances, we cannot agree that the Higleys discharged their duty of inquiry and are now entitled to challenge the discharge of their claim.
 

 For the foregoing reasons, we AFFIRM the judgment of the district court with respect to the Higleys’ motion for an extension of time in which to determine the dischargeability of their claim against the debtor Walker. We REVERSE the district court, however, in its affirmance of the bankruptcy court’s denial of the Higleys’ motion for relief from the section 524(a) injunction and order that the Higleys be permitted to commence or continue proceedings against Walker for the sole purpose of establishing a right of recovery against the Utah Real Estate Recovery Fund. This matter is therefore REMANDED to the United States District Court for the District of Utah with direction for remand to the United States Bankruptcy Court for the District of Utah for additional proceedings consistent with this opinion.
 

 [1]
 

 . Walker apparently listed a $6000.00 debt to "M. Higley c/o Rob't Wilde” in his schedule of debts, but provided an incorrect address for Mr. Wilde. In addition, neither Higley nor Wilde’s name or address appears in the certified copy of the bankruptcy court’s mailing matrix for notices to creditors.
 

 [2]
 

 . Walker’s renewed objection to the judgment was likely the result of Utah automatically revoking his real estate license as a result of payment being made from the Fund on his behalf.
 
 See
 
 Utah Code Ann. § 61-2a-9 (before 1989 amendment).
 

 [3]
 

 . In response to the Higleys’ petition, the Colorado bankruptcy court transferred both this adversary proceeding and Walker's main bankruptcy case to the United States Bankruptcy Court for the District of Utah on March 3, 1988.
 

 [4]
 

 . The Utah legislature amended this provision in 1989 in recognition of its conflict with the federal Bankruptcy Code.
 
 See infra
 
 note 7.
 

 [5]
 

 . The district court did not find it necessary to consider whether Utah’s automatic license revocation provision was unconstitutional.
 
 In re Walker,
 
 103 B.R. at 284.
 

 [6]
 

 . In 1989, the Utah legislature acknowledged the conflict between Utah Code Ann. § 61-2a-9 (1986) and the Bankruptcy Code and moved to correct it by deleting the final sentence of the 1986 provision quoted above. 1989 Utah Laws ch. 227, § 3. At the same time, the legislature amended the Fund statute to prevent judgments that had been discharged in bankruptcy from serving as the basis for recovery from the Fund.
 
 Id.
 
 at § 2 (codified at Utah Code Ann. § 61-2a-5(5) (1989)). Both amendments became effective April 24, 1989.
 

 [7]
 

 .In so holding, we recognize that Utah apparently did invoke section 61-2a-9 to revoke Walker’s real estate license sometime after the Higleys were paid out of the Fund. Our disposition of the matter before us renders this state action invalid under federal constitutional principles.
 

 [8]
 

 . In reaching this conclusion, we express no opinion on whether the Higleys will or should prevail in their action against Walker or whether they have an ultimate- right of recovery against the Fund.
 

 [9]
 

 .
 
 See supra
 
 note 7.
 

 [10]
 

 . As relevant to this case, section 523(a)(3) provides:
 

 (a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—
 

 (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit—
 

 (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection [regarding, among other things, debt for fraud], timely filing of a proof of claim and timely request for a determination of dis-chargeability of such debt under one of such paragraphs,
 
 unless such creditor had notice or actual knowledge of the case in time for such timely filing and request.
 

 11 U.S.C. § 523(a)(3)(B) (emphasis added).
 

 [11]
 

 . In contrast, a chapter 11 creditor does have "a ‘right to assume' that he will receive all of the notices required by statute before his claim is forever barred."
 
 Reliable Elec. Co. v. Olson Constr. Co.,
 
 726 F.2d 620, 622 (10th Cir.1984).
 

 [12]
 

 . As noted by the bankruptcy court, these options included attempts to contact the debtor or trustee directly, additional contact with the creditor that originally had provided the Higleys with actual notice of Walker’s bankruptcy, and/or retention of local counsel in Colorado to review Walker’s bankruptcy file.
 
 In re Walker,
 
 91 B.R. at 980.