949 F.2d 401
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re TS INDUSTRIES, INC., a Nevada corporation, Debtor.
Waldemar FORCHUK; Forchuk Management, Inc., a Florida
corporation, Appellants,
v.
UNSECURED CREDITORS CONSOLIDATED OVERSIGHT COMMITTEE; R.
Kimball Mosier, Trustee, Appellees.
 No. 91-4048.
 United States Court of Appeals, Tenth Circuit.
 Dec. 6, 1991.
 
 Before STEPHEN H. ANDERSON, BARRETT and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 BRORBY, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, Appellants' request for oral argument is denied and the case is ordered submitted without oral argument.
 
 
 2
 Appellants Waldemar Forchuk and Forchuk Management Systems, Inc. appeal the district court's Order affirming the bankruptcy court's decision denying their Motion for Extension of Time in which to File Proof of Claim. We affirm.
 
 
 3
 On or about August 17, 1989, TS Industries, Inc. (Debtor), filed a voluntary petition for bankruptcy under Chapter 11 of the United States Bankruptcy Code. Debtor filed its schedules and a list of its known creditors on September 1, 1989, which were amended on November 28, 1989. It is undisputed that the names of the Appellants did not appear on Debtor's list of known creditors.
 
 
 4
 The bankruptcy court issued a Notice of First Meeting of Creditors setting a claims bar date of December 5, 1989. Appellants did not receive this notice. Upon the motion of Appellee Official Unsecured Creditors Consolidated Oversight Committee (the Committee), the court issued a second bar date of March 9, 1990, stating,
 
 
 5
 2. Any creditor or other interested party which did not receive notice or have actual knowledge of the original bar date in sufficient time to permit the filing of a claim prior to the bar date, must file its claim at or before 4:30 p.m. on March 9, 1990.
 
 
 6
 Appellants' App. at 2. In January 1990, notice to creditors was published in twelve newspapers, including the Wall Street Journal and a newspaper published in Florida, domicile of Appellants. Id. at 3.
 
 
 7
 Appellants admit that they had actual knowledge of the bankruptcy proceedings on March 14, 1990. Appellants' Reply Br. at 13. Four months later, on July 13, 1990, Appellants filed their Motion for Extension of Time. After consideration of the parties' memoranda, witness testimony, and oral arguments, the bankruptcy court concluded that Appellants were unknown creditors, and the publication notice was therefore adequate. The court further concluded that Appellants' claims were untimely, and that Appellants failed to establish cause for their delay. Appellants' App. at 161. The district court affirmed. Id. at 167.
 
 
 8
 Filing of proof of claims in Chapter 11 bankruptcy actions is controlled by Bankr.R. 3003(c)(3).[1] We agree with Appellees that Rule 3003(c)(3) must be read with Bankr.R. 9006(b). See Brunswick Assocs. Ltd. Partnership v. Pioneer Inv. Servs. Co. (In re Pioneer Inv. Servs. Co.), 943 F.2d 673, 676 (6th Cir.1991). Bankr.R. 9006(b)(1) reads in pertinent part:
 
 
 9
 [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order or (2) on motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect.
 
 
 10
 Therefore, as in the present case, where an alleged creditor has requested an extension of time in which to file a proof of claim after the expiration of the claims bar date, the bankruptcy court has discretion to grant the request upon a showing that good cause exists for the delay.[2] We apply a clearly erroneous standard to our review of the factual findings of the bankruptcy court. Davidovich v. Welton (In re Davidovich), 901 F.2d 1533, 1536 (10th Cir.1990); see also Branding Iron Motel, Inc. v. Sandlian Equity, Inc. (In re Branding Iron Motel, Inc.), 798 F.2d 396, 400 (10th Cir.1986) ("[T]he bankruptcy court's findings should not be disturbed absent the most cogent reasons appearing in the record.") (quoting First Bank of Catoosa v. Reid (In re Reid), 757 F.2d 230, 233-34 (10th Cir.1985)). Our ultimate determination, however, concerns whether the bankruptcy court abused its discretion in denying Appellants' request for an extension of time to file a proof of claim. Bankr.R. 9006(b)(1).
 
 
 11
 The crucial question to be addressed in making a determination of excusable neglect in this case, appears to be whether Appellants were known creditors at the time Debtor filed its petition. The bankruptcy court answered this question in the negative, determining that Debtor did not have knowledge of Appellants' claims at the commencement of the bankruptcy proceedings and therefore, Debtor's failure to provide Appellants with actual notice of the bar date did not constitute excusable neglect. Contrary to Appellants' argument, this determination by the bankruptcy court is factual, and the burden rests on Appellants to demonstrate that the factual finding is clearly erroneous. Walker v. Wilde (In re Walker), 927 F.2d 1138, 1145 (10th Cir.1991).
 
 
 12
 The only evidence offered by Appellants in an attempt to prove knowledge, is an affidavit of Dennis Sahleen, a former director and vice-president of the Debtor. Mr. Sahleen states that he was "aware that the debtor had substantial outstanding and unpaid obligations" to Appellants at the time of the filing of the bankruptcy action. Appellants' App. at 100. Mr. Sahleen further states that he supplied "various information regarding debtor's affairs" to Reed Watkins and Kirby Forbush to aid in preparation of the Debtor's schedules.[3] Mr. Sahleen does not aver, however, that he imparted his awareness of Appellants' "substantial and outstanding unpaid obligations" to Mr. Watkins or to Mr. Forbush. During testimony at the bankruptcy hearing and by affidavit, Mr. Watkins denied knowledge of Appellants' claims. Appellees' Br. at 26-27.
 
 
 13
 The bankruptcy court's findings must be upheld if its perception of the evidence is "logical or reasonable in light of the record." In re Branding Iron Motel, Inc., 798 F.2d at 400. Absent more substantial evidence of knowledge, we conclude that the bankruptcy court's factual determination that Debtor was without knowledge of Appellants' alleged claims is not clearly erroneous.
 
 
 14
 Having determined that Appellants were unknown creditors, we must determine whether the publication notice provided for unknown creditors was adequate. Bankruptcy Rule 2002 governs notice to creditors in a bankruptcy action.
 
 
 15
 Except as provided in subdivisions (h), (i) and (l) of this rule, the clerk, or some other person as the court may direct, shall give the debtor, the trustee, all creditors and indenture trustees not less than 20 days notice by mail of ... (8) the time fixed for filing proofs of claims pursuant to Rule 3003(c).
 
 
 16
 Bankr.R. 2002(a). We have previously held that a Chapter 11 creditor has a right to expect all of the notice statutorily required " 'before his claim is forever barred.' " In re Walker, 927 F.2d at 1145 n. 11 (quoting Reliable Elec. Co. v. Olson Constr. Co., 726 F.2d 620, 622 (10th Cir.1984)).
 
 
 17
 "The court may order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Bankr.R. 2002(1). In this case it appears that the bankruptcy court ordered publication and extended the bar date from December 5, 1989, to March 9, 1990, in response to the Committee's motion and in an effort to afford all the notice and time possible to unknown creditors. In Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950), the Supreme Court stated that notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action...." See also Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 800 (1983) (actual notice is a minimal constitutional requirement if name and address of interested party are known). We hold that the publication notice appearing in twelve newspapers, including a nationally circulated and widely read newspaper, was statutorily adequate as to unknown creditors such as Appellants.
 
 
 18
 Appellants' Motion for Extension of Time was filed on July 13, 1990. Although Appellants admit they had knowledge of the Debtor's bankruptcy proceedings on March 14, 1990, a few days after the expiration of the bar date, they delayed four months before seeking leave of the court to file out of time. Creditors, with a knowledge of the bankruptcy proceedings prior to the expiration of the bar date, have a duty of inquiry. 11 U.S.C. 523(a)(3)(B); In re Walker, 927 F.2d at 1145 and n. 12. There is no reason that this same responsibility for due diligence should not be ascribed to the creditor who seeks an extension after the expiration of the bar date. Appellants strongly aver that, contrary to Appellees' argument, they have adequately explained this delay. Under the circumstances and in light of the significant amount of Appellants' alleged claim, we do not agree that Appellants' response was sufficiently expeditious to allow them the relief they seek.
 
 
 19
 In conclusion, after careful review of the record including the transcripts of the bankruptcy court proceedings and the parties' briefs, we cannot conclude that the factual findings of the bankruptcy court are clearly erroneous or that the denial of Appellants' Motion for Extension of Time was an abuse of discretion.[4]
 
 
 20
 Therefore, the judgment of the United States District Court for the District of Utah, affirming the bankruptcy court's denial of Appellants' Motion for Extension of Time in which to File Proof of Claim, is AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Bankr.R. 3003(c)(3) states:
 (3) Time for Filing. The court shall fix and for cause shown may extend the time within which proofs of claim or interest may be filed. Notwithstanding the expiration of such time, a proof of claim may be filed to the extent and under the conditions stated in Rule 3002(c)(2), (c)(3), and (c)(4).
 
 
 [2]
 Because Appellants filed their Motion for Extension of Time after the bar date had expired, the "excusable neglect" standard was properly applied in considering their extension request, see In re Pioneer Inv. Servs. Co., 943 F.2d at 676, but the court can grant an extension for cause other than excusable neglect, Rowe Int'l Inc. v. Herd (In re Herd), 840 F.2d 757, 758 n. 2 (10th Cir.1988)
 
 
 [3]
 The parties do not dispute that Mr. Watkins and Mr. Forbush were responsible for preparing the schedules and the debtor list
 
 
 [4]
 Although Appellants' remaining arguments are factually and legally interesting, they address the issue of the validity of Appellants' alleged claim against the bankruptcy estate, an issue not before this court