**Paula Sue TAFF, individually and as Administratrix of the Estate of Bonnie Dean Taff, deceased, and Johnnie Nelson, personal representative of Pauline Nelson, now deceased, parent of Bonnie Dean Taff, deceased, Appellants,**

**v.**

**W.K. BAKER, M.D., Appellee,**

**and**

**Muskogee Medical Center Authority, a public and/or municipal trust, d/b/a Muskogee General Hospital, Muskogee, Oklahoma, Defendant.**

**No. 80578.**

Court of Appeals of Oklahoma, Division No. 4.

July 20, 1993.

Certiorari Denied Sept. 30, 1993.

Stephen C. Wolfe, Stephen C. Wolfe & Associates, Tulsa, for appellants.

Marthanda J. Beckworth, Galen L. Brittingham, Thomas, Glass, Atkinson, Haskins, Nellis & Boudreaux, Tulsa, for appellee.

BOUDREAU, Presiding Judge.

Plaintiffs appeal an order of the trial court granting summary judgment to Defendant, W.K. Baker, M.D.[1] The issue on appeal is whether Plaintiffs are entitled to continue this action for medical malpractice against Defendant following his discharge in bankruptcy, where Plaintiffs are attempting to establish Defendant's negligence in order to proceed against his liability insurance carrier. Having reviewed the record and applicable law, we reverse the order of the trial court and remand for further proceedings.

Plaintiffs filed this action for medical negligence and wrongful death against Defendant on February 14, 1984. Defendant filed for bankruptcy on August 6, 1985. Plaintiffs filed a proof of claim in the bankruptcy proceedings but did not request the bankruptcy court to lift the automatic stay that became effective upon the filing of the bankruptcy petition. Defendant received a discharge in bankruptcy on October 8, 1986, which included Plaintiffs' claim. Plaintiffs did not object to this discharge.

After Defendant's bankruptcy discharge, the parties proceeded with discovery and trial preparation in this action for nearly six years. On April 2, 1992, Defendant filed a motion for summary judgment alleging, for the first time, that Plaintiffs were barred from proceeding with this action pursuant to the permanent injunction of 11 U.S.C. § 524(a). Plaintiffs objected to this motion for summary judgment alleging that they were entitled to proceed against Defendant to the extent of establishing his negligence for the purpose of proceeding against his liability insurance carrier. The trial court granted the motion for summary judgment.

Plaintiffs then moved for reconsideration or clarification. Plaintiffs also filed a motion in the bankruptcy court to lift or modify the permanent injunction created by section 524(a). However, the bankruptcy court denied Plaintiffs' request, stating at the hearing that section 524(e) does not protect an entity other than the debtor. As a result, the bankruptcy court determined that it was not necessary to lift or modify the permanent injunction. The trial court subsequently denied the motion for reconsideration or clarification and Plaintiffs appeal.

Plaintiffs allege the trial court erred in finding the action for malpractice could not proceed following Defendant's discharge in bankruptcy. We agree. Section 524 addresses the effect of a discharge in bankruptcy:

(a) A discharge in a case under this title—

(1) voids any judgment at any time obtained, *to the extent that such judgment is a determination of the personal liability of the debtor* with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;

(2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt *as a personal liability of the debtor*, whether or not discharge of such debt is waived.... (Emphasis added.)

Section 524(e) further provides that "discharge of a debt of the debtor does not affect the liability *of any other entity on, or the property of any other entity for,* such debt." (Emphasis added.)

The Oklahoma Supreme Court has not addressed the issue of the effect of section 524(e) on a claim that will be paid by someone other than the debtor. However, other jurisdictions have done so. The Tenth Circuit Court of Appeals addressed this precise issue in *In re Walker*, 927 F.2d 1138 (10th Cir.1991). The plaintiffs in *Walker* had filed an action for deceit against the debtor. The debtor subsequently filed his petition in bankruptcy, but plaintiffs did not ask the bankruptcy court for any relief. After Walker was discharged in bankruptcy, the plaintiffs sought payment from the Utah Real Estate Recovery Fund, a fund established by the State of Utah to satisfy

1. Defendant, Muskogee Medical Center Authori- ty, is not a party to this appeal.

judgments against real estate agents in actions based on fraud, misrepresentation or deceit. *Id.* at 1140.

The debtor claimed the action against the fund violated the permanent injunction of section 524(a). The court of appeals disagreed noting that section 524(a)(2) enjoined the plaintiffs "from commencing or continuing any action or other process to hold [the debtor] *personally liable* on their discharged claim against him." *Id.* at 1141 (emphasis added). However, the court also noted "[i]t is well established that [section 524(e)] permits a creditor to bring or continue an action directly against the debtor for the purpose of establishing the debtor's liability when, as here, establishment of that liability is a prerequisite to recovery from another entity." *Id.* at 1142 (citing *In re Western Real Estate Recovery Fund,* 922 F.2d 592, 601 n. 7 (10th Cir.1990)). The court also stated "this exception to section 524(a)'s post-discharge injunction hinges 'upon the condition that the debtor not be personally liable in a way that would interfere with the debtor's fresh start in economic life.'" *Id.* (quoting *In re Jet Florida Sys., Inc.,* 883 F.2d 970, 975 (11th Cir. 1989)). *See also Green v. Welsh,* 956 F.2d 30, 33 (2d Cir.1992) ("Congress sought to free the debtor of his personal obligations while ensuring that no one else reaps a similar benefit."); *In re Fasse,* 40 B.R. 198 (Bankr.D.Colo.1984); *In re Lembke,* 93 B.R. 701 (Bankr.D.N.D.1988); *In re Greenway,* 126 B.R. 253 (Bankr.E.D.Tex.1991).

■ We find the clear language of section 524 permits an action, such as this one, to continue against a discharged debtor where the action will not result in the *personal liability* of the debtor. Here, Plaintiffs are merely attempting to establish Defendant's negligence in order to proceed against his liability insurance carrier. If Plaintiffs secure a judgment they can proceed to collect it from Defendant's insurer, not from Defendant personally.

Defendant argues that the trial court's summary judgment was proper because Plaintiffs failed to obtain relief in the bankruptcy court from the permanent injunction. We disagree. Initially, it should be noted that Plaintiffs did seek relief from the bankruptcy court and it was denied. Nevertheless, our research has revealed that courts addressing this issue have generally resolved it in one of two ways. Some have issued orders lifting or modifying the permanent injunction of section 524(a). *See In re Walker,* 927 F.2d at 1144; *In re Fasse,* 40 B.R. at 198. Others have allowed the actions to proceed against the debtors, for the purpose of establishing liability only, without first receiving relief from the bankruptcy court.

This approach was taken by the Second Circuit Court of Appeals in *Green v. Welsh,* 956 F.2d 30 (2d Cir.1992). That court held "the discharge injunction under §§ 524(a) and 524(e) permits Green to continue her suit against the Welshes, without requiring her to obtain a modification of the injunction, but only to prove liability as a prerequisite to recovery from the Welsh's liability insurer." *Id.* at 36. Furthermore, the bankruptcy court in *In re Peterson,* 118 B.R. 801, 802 (Bankr.D.N.M.1990), held that it did not have jurisdiction to modify the permanent injunction. It found *"[t]he injunction provided by § 524 is not a bar* to the FDIC from proceeding against the debtor to establish his liability and then to proceed against the insurer, provided that the debtor shall have no personal liability for the payment of any judgment rendered against him in that action." *Id.* at 804 (emphasis added). *See also Wolfe v. Wright,* 582 N.E.2d 1022, 1023 (Ohio Ct. App.1989); *In re White,* 73 B.R. 983 (Bankr.D.C.1987).

Defendant relies on the case of *Culie v. Arnett,* 765 P.2d 1203 (Okla.1988), in support of his contention that Plaintiffs were required to obtain relief from the bankruptcy court. In *Culie* the supreme court, in dicta, noted that the plaintiff had not invoked the bankruptcy court's power to modify or lift the automatic stay imposed by section 362 of the Bankruptcy Code.

Upon the filing of a petition in bankruptcy, Section 362(a)[2] imposes an automatic stay of lawsuits pending against the debtor. In order to continue the lawsuit during the pendency of the bankruptcy proceedings, a party in interest must seek relief from the stay in the bankruptcy court under section 362(d).[3]

■ We find that *Culie* is not applicable to the case at bar. Once Defendant received his discharge in bankruptcy, the automatic stay imposed by section 362(a) was no longer effective. *In re Peterson*, 118 B.R. at 801. Once the discharge was given, the permanent injunction became effective. Therefore, Plaintiffs were not required to seek relief from the automatic stay. Furthermore, the language of section 362 specifically requires that the stay must be lifted in order to proceed and provides a procedure for having the stay lifted. The language of section 524, on the other hand, does not specifically require that the post-discharge injunction must be lifted in order to proceed nor does it provide a procedure for having the injunction lifted or modified. Therefore, we find the holding in *Culie* to be limited to section 362 (the automatic stay). Accordingly, *Culie* is distinguishable from the case at bar.

■ Defendant also argues that Plaintiffs have failed to show that Defendant would not be adversely affected by the continuation of the state court action against him. Defendant has never disputed that he has liability insurance or that his insurer is providing him a defense. The only evidence of inconvenience to Defendant is the fact that he may have to testify.

However, a "debtor, whether discharged or not, is under the same obligations as would be any witness, regardless of the inconvenience to him, to attend any trial that may take place if the relief is granted." *In re Traylor*, 94 B.R. 292 (Bankr.E.D.N.Y.1989). This "inconvenience" does not affect his economic "fresh start." There is no evidence that Defendant will suffer "prejudice of any significant financial nature." *In re Greenway*, 126 B.R. at 255. Therefore, we find no reason why this action should not proceed against Defendant.

■ Finally, Defendant argues that Plaintiffs dismissed their claims against him. On August 27, 1992, Plaintiffs filed a paper titled "Dismissal in Part Without Prejudice." The paper purports to be a partial dismissal of Plaintiffs' claim to the extent of relieving Defendant of "in personam liability." However, the paper clearly and specifically states that Plaintiffs are not dismissing their claim in its entirety and that they will proceed to establish Defendant's negligence as a necessary condition precedent to recovering from Defendant's liability insurance carrier.

"The meaning and effect of an instrument filed in court depends on its contents and substance rather than on form or title given it by the author." *Horizons, Inc. v. Keo Leasing Co.*, 681 P.2d 757, 759 (Okla. 1984). We view this paper as advice to the court by Plaintiffs that they did not intend, pursuant to the permanent injunction of section 524, to attempt to collect any judgment from Defendant personally. Therefore, we refuse to find that Plaintiffs dismissed their action against Defendant.

2. Section 362(a) provides as follows:
(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title ... operates as a stay, applicable to all entities, of—
(1) the commencement or continuation ... of a judicial ... action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title....

3. Section 362(d) provides as follows:
(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay—
(1) for cause, including the lack of adequate protection of an interest in property of such party in interest....

The order of the trial court is reversed and the case is remanded for further proceedings.

STUBBLEFIELD and TAYLOR, JJ., concur.