**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 26 1999**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

URSULA E. HEALEY,

      Plaintiff-Appellant,

STATE OF NEW MEXICO, RISK
MANAGEMENT DIVISION,

      Plaintiff-Intervenor-
      Appellee,

v.

CHARLES SCOVONE, also known as
Charles Scavone,

      Defendant-Appellee.

No. 98-2285
(D.C. No. CIV-96-854-HB)
(D. N.M.)

---

**ORDER AND JUDGMENT** [*]

---

Before **ANDERSON** and **KELLY** , Circuit Judges, and **BROWN** ,[**] Senior
District Judge.

---

[*]    This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]    Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Plaintiff Ursula E. Healey appeals from an order of the district court granting defendant Scovone's motion to dismiss and dismissing defendant Risk Management Division's action in intervention. We affirm.

Ms. Healy commenced this action pursuant to 42 U.S.C. §§ 1983, 13981 against defendant Scovone in his individual capacity.[1] Ms. Healy alleged that Scovone, acting within the scope of his duties with the New Mexico Children, Youth and Families Department, demanded sexual favors from her in exchange for providing her with the assistance she was entitled to from the department. She alleged that as long as she complied with his demands, Scovone procured a live-in child care worker to assist her with her six minor children. When she refused to allow him to continue to sexually assault her, Scovone had her children

_____

[1] The district court liberally construed Ms. Healy's complaint to include a claim against Scovone in his official capacity. As Ms. Healy was represented by counsel, we may not liberally construe her complaint. See Shah v. County of Los Angeles, 797 F.2d 743, 745 n.1 (9th Cir. 1986) (declining to broaden complaint of plaintiff represented by counsel); cf. Boag v. MacDougall, 454 U.S. 364, 365 (1982) (federal courts are to liberally construe "inartful pleading" of pro se litigants).

-2-

removed from her home.  Ms. Healy alleged that by these acts Scovone deprived her of (1) life, liberty or property without      due process as well as her right to privacy ; (2) her right to be free from sexual discrimination and harassment by the government; and (3) her right to associate with her children.

Scovone asserted he was entitled to qualified immunity.  He also filed a counterclaim alleging that Ms. Healy had made false and misleading statements of material fact regarding her relationship with him and had published those reports to third parties including his supervisors and law enforcement officers.  He also claimed intentional infliction of emotional distress.

The New Mexico Risk Management Division (RMD)   [2] filed a complaint in intervention seeking a declaration that it had no obligation to provide Scovone with a defense and had no duty to indemnify him.  RMD contended that if Scovone had engaged in the conduct described by plaintiff, his actions would neither have been taken under color of state law nor would they have been within his scope of duties as a state employee.  RMD concluded it had no obligation to defend Scovone in this action.

---

[2]      RMD is authorized to settle and pay claims asserted against government agencies and their employees for injuries or damages resulting from acts covered under the  New Mexico Tort Claims Act.    See N.M. Stat. Ann. § 15-7-3A(4); Board of County Comm'rs v. Risk Management Div.     , 899 P.2d 1132, 1136 (N.M. 1995).

After this action was commenced, Scovone filed for bankruptcy. He included Ms. Healy's unliquidated unsecured claims as dischargeable debts. [3] Scovone was discharged in bankruptcy and then filed a motion to dismiss this action in federal district court.

The district court granted Scovone's motion. The court held that, due to his discharge in bankruptcy, Scovone could not be held personally liable for any damages were Ms. Healy to prevail. The court also held that Ms. Healy could not proceed solely against RMD as Scovone's acts of assault and battery would not be covered under the scope of duties as defined by N.M. Stat. Ann. § 41-4-3G and, thus, RMD was not obligated to indemnify Scovone.

On appeal, Ms. Healy contends that Scovone's acts fell within the scope of his duties and he was indemnified by RMD. Therefore, she argues she can sue him in his individual capacity, regardless of the discharge in bankruptcy, pursuant to 11 U.S.C. § 524(e).

We review the district court's dismissal of an action for lack of jurisdiction de novo. See Bryan v. Office of Personnel Management, 165 F.3d 1315, 1318 (10th Cir. 1999).

---

[3] Ms. Healy contends she did not receive notice of the bankruptcy action. The record refutes this argument.

A discharge in bankruptcy voids any judgment against the debtor to the extent that the judgment determines the debtor's personal liability as to any discharged debt. See 11 U.S.C. § 524(a). However, the "discharge of a debt of the debtor does not affect the liability of any other entity on, or the property of any other entity for, such debt." See id. § 524(e); Walker v. Wilde (In re Walker), 927 F.2d 1138, 1142 (10th Cir. 1991). Thus, a plaintiff may proceed against the debtor when the plaintiff must establish the debtor's liability before recovering from an insurer. See id. The § 524(e) exception to the "post-discharge injunction hinges 'upon the condition that the debtor not be personally liable in a way that would interfere with the debtor's fresh start in economic life.'" Walker, 927 F.2d at 1142 (quoting Owaski v. Jet Florida Sys., Inc. (In re Jet Florida Sys., Inc.), 883 F.2d 970, 975 (11th Cir. 1989)).

This action can proceed against Scovone only if RMD is obligated to indemnify him. Ms. Healy argues that RMD is so obligated.

RMD would be obligated to Scovone if he had been acting within the scope of his duties at the time he performed the alleged acts. New Mexico defines "scope of duties" as the performance of "any duties that a public employee is requested, required or authorized to perform by the governmental entity, regardless of the time and place of performance." N.M. Stat. Ann. § 41-4-3(G).

The act must be "something fairly and naturally incidental to the employer's business assigned to the employee" and must have been done "while the employee was engaged in the employer's business *with the view of furthering the employer's interest* and did not arise entirely from some external, independent and personal motive on the part of the employee." Narney v. Daniels, 846 P.2d 347, 355 (N.M. Ct. App. 1992) (emphasis added, citation omitted). An employee's unauthorized act will be considered to be within

> the scope of employment if the action (1) is the kind the employee is employed to perform; (2) occurs during a period reasonably connected to the authorized employment period; (3) occurs in an area reasonably close to the authorized area, and (4) is actuated, at least in part, by a purpose to serve the employer.

Id.

Scovone met Ms. Healy in the course of his duties. He used the influence of his official position to coerce Ms. Healy with the threat of the denial of state assistance to which she was entitled should she not cooperate with him. His employment duties gave him the opportunity to commit the alleged acts.

Therefore, Scovone's actions arguably met factors two and three. However, we cannot fathom any manner in which his alleged acts were the kind he was authorized to perform or that he was motivated in any manner to further his employer's interests. Rather, the alleged acts appear to have arisen from "some external, independent and personal motive." Id. RMD is not required to

-6-

provide Scovone with a defense or to indemnify him. Therefore, this action cannot proceed in the district court.

The judgment of the United States District Court for the District of New Mexico is AFFIRMED.

Entered for the Court


Wesley E. Brown
Senior District Judge