**Rose REYES, Plaintiff-Appellant,**

v.

**Keven M. McCARLEY, Defendant-Appellee.**

**No. 03CA1149.**

Colorado Court of Appeals, Division IV.

Dec. 30, 2004.

Law Office of Richard K. Blundell, Richard K. Blundell, Greeley, Colorado, for Plaintiff-Appellant.

Wick Bramer Ukasick & Trautwein, LLC, Kent N. Campbell, Kimberly B. Schutt, Fort Collins, Colorado, for Defendant-Appellee.

Opinion by Judge KAPELKE.

In this personal injury action, plaintiff, Rose Reyes, appeals the order dismissing her claims against defendant, Keven M. McCarley, for failure to prosecute. We reverse and remand for further proceedings.

Plaintiff filed her complaint in January 2002, alleging that she was injured in a car accident negligently caused by defendant. Defendant was served with the complaint and thereafter filed his answer. In May 2002, defendant filed a notice that he had filed for Chapter 7 bankruptcy, which triggered the automatic stay of all proceedings, including this action.

In September 2002, defendant was granted a bankruptcy discharge under 11 U.S.C. § 727 of the United States Bankruptcy Code. Defendant moved to dismiss this action based on his bankruptcy discharge. The trial court granted the motion and dismissed the case with prejudice.

In October 2002, plaintiff filed an objection to the motion to dismiss, asserting that defendant's discharge would not preclude her from pursuing a judgment solely to the extent of any insurance proceeds. Specifically, she argued:

> In this case, Plaintiff does not seek to impose personal liability against the Debtor for purposes of seeking satisfaction of any judgment entered from the Debtor/Defendant or any of his assets, or from any other property of his former bankruptcy estate or otherwise. Instead, Plaintiff seeks to satisfy any judgment entered herein solely from the hidden, but altogether real party in interest herein, State Farm Mutual Automobile Insurance Company.

Plaintiff attached to her motion a letter from defendant's automobile liability insurer to defendant indicating that plaintiff had offered to settle the claim against defendant for an amount within policy limits. The letter further stated that the insurer would pay the cost of defending the lawsuit and would "protect [defendant] from any monetary award."

The trial court withdrew its order of dismissal and granted defendant leave to file a reply addressing the issue of whether the bankruptcy discharge "precluded a proceeding against the debtor's insurance carrier." In his reply, defendant contended that only the bankruptcy court could resolve the issue of whether plaintiff could continue prosecution of her claim against defendant. The trial court agreed and in November 2002 entered an order staying this action pending a ruling from the bankruptcy court as to whether it would grant relief from the automatic permanent injunction provided for under 11 U.S.C. § 524(a).

Plaintiff filed three motions to reconsider the court's ruling. The first two were struck by the court based on its finding that the language was scandalous. The third motion to reconsider was denied in February 2003.

In April 2003, plaintiff filed a case status report, in which she stated that she was "ready, willing and able" to pursue her claims with respect to defendant's liability insurance proceeds, but would not seek to satisfy her claims from any of defendant's individual assets. Plaintiff asserted in the report that the claims were not stayed by virtue of the permanent injunction issued by the bankruptcy court and indicated that her counsel did not intend to file a motion for relief from the permanent injunction in bankruptcy court. Plaintiff requested a case management conference.

Defendant moved to dismiss for failure to prosecute. The court granted the motion.

■ Plaintiff argues that the trial court erred in granting the motion to dismiss because it was based upon the faulty premise that this action could not proceed following defendant's discharge in bankruptcy without an order from the bankruptcy court granting a modification of the discharge injunction. We agree that the court erred in dismissing the action under the circumstances.

■ C.R.C.P. 41(b)(1) provides that a court may dismiss a claim on a defendant's motion for failure to prosecute. The decision whether to dismiss an action for failure to prosecute generally lies within the sound discretion of the trial court. *Lake Meredith Reservoir Co. v. Amity Mutual Irrigation Co.*, 698 P.2d 1340, 1344 (Colo.1985).

Section 524(a) of the Bankruptcy Code, which addresses the effect of a discharge in bankruptcy, provides:

> A discharge in a case under this title—
>
> (1) voids any judgment at any time obtained, *to the extent that such judgment is a determination of the personal liability of the debtor* with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process,

or an act, to collect, recover or offset any such debt *as a personal liability of the debtor,* whether or not discharge of such debt is waived . . . .

11 U.S.C. § 524(a) (1994) (emphasis added).

Section 524(e) further states that "discharge of a debt of the debtor *does not affect the liability of any other entity on, or the property of any other entity for, such debt* " (emphasis added).

■ The protections afforded by the discharge injunction thus further one of the primary purposes of the Bankruptcy Code: to give the debtor an opportunity to make a financial "fresh start." *See In re Jet Florida Sys., Inc.,* 883 F.2d 970, 972 (11th Cir.1989). The provisions of 11 U.S.C. § 524 reveal that Congress "sought to free the debtor of his personal obligations while ensuring that no one else reaps a similar benefit." *Green v. Welsh,* 956 F.2d 30, 33 (2d Cir.1992).

Thus, courts have generally held that a tort claimant who seeks to proceed against a discharged debtor only for the purpose of recovering against an insurer or other third party is not barred from doing so by the fresh start policy, particularly where, as here, all costs of defense are to be borne by the third party. *See Green v. Welsh, supra,* 956 F.2d at 33 (collecting cases); *In re Jet Florida Sys., Inc., supra,* 883 F.2d at 976; *In re Harris,* 85 B.R. 858 (Bankr.D.Colo.1988); *In re White,* 73 B.R. 983, 985 (Bankr.D.D.C. 1987); *In re Fasse,* 40 B.R. 198 (Bankr. D.Colo.1984); *Lightowler v. Cont'l Ins. Co.,* 255 Conn. 639, 769 A.2d 49 (2001); 4 A. Resnick & J. Sommer, *Collier on Bankruptcy* ¶ 524.05, at 524–46 (15th ed.2003).

To effectuate this policy, courts generally have permitted an action to continue against a discharged debtor where the suit would not result in any recovery against the debtor's personal assets. *See, e.g., Green v. Welsh, supra,* 956 F.2d at 33; *Lightowler v. Cont'l Ins. Co., supra,* 255 Conn. at 650–51, 769 A.2d at 56–57. Courts have also issued orders lifting or modifying the permanent injunction of section 524(a) for this purpose. *See, e.g., In re Walker,* 927 F.2d 1138, 1144 (10th Cir.1991).

Here, defendant relies on *In re Walker, supra,* in asserting that a plaintiff may not pursue an action against a discharged debtor to obtain a recovery against his insurer absent a modification of the permanent injunction by the bankruptcy court. We do not read the Tenth Circuit's opinion in that case as *requiring* an order lifting or modifying the permanent injunction before permitting a state action to pursue insurance recovery.

Indeed, the *Walker* court stated: "It is well established that [§ 524(e) ] permits a creditor to bring or continue an action directly against the debtor for the purpose of establishing the debtor's liability when, as here, establishment of that liability is a prerequisite to recovery from another entity." *In re Walker, supra,* 927 F.2d at 1142.

In *In re Jet Florida Systems, Inc., supra,* 883 F.2d at 975, the Fifth Circuit Court of Appeals emphasized that the fresh start policy is not intended to provide a method by which insurers can escape their obligation "based simply on the financial misfortunes of the insured."

Other courts have pointed out that the language of section 524 does not specifically require that the postdischarge injunction be lifted or modified for such an action to proceed. *See Taff v. Baker,* 861 P.2d 341, 345 (Okla.Ct.App.1993); *Lumbermens Mut. Cas. Co. v. Morse Shoe Co.,* 218 A.D.2d 624, 625, 630 N.Y.S.2d 1003, 1004 (1995) (noting that state courts retain the power to determine the effect of a discharge in bankruptcy where a tort claimant seeks to proceed against a discharged debtor only for the purpose of recovering against an insurer).

■ Defendant also maintains that he would be denied a fresh start because he may be required to bear some incidental costs by participating in the litigation, including the potential for lost wages if he attends the trial on a day he would otherwise be working. The *Walker* court indicated that these types of incidental litigation costs do not interfere with a debtor's fresh start, and we therefore reject this contention. *In re Walker, supra,* 927 F.2d at 1143.

Thus, given plaintiff's stated acknowledgement here that she does not seek recovery against defendant's personal assets and will pursue the action only to the extent of the automobile liability insurance proceeds, we

conclude that the trial court abused its discretion in dismissing the action for failure to prosecute based on plaintiff's failure to secure an order from the bankruptcy court modifying the permanent injunction under 11 U.S.C. § 524(e).

Accordingly, the order of dismissal is reversed, and the case is remanded for reinstatement of the complaint and for further proceedings consistent with this opinion.

Judge GRAHAM and Judge CRISWELL* concur.